CASE 20.—PETITION BY S. PARRISH AGAINST W. F. POW-
ERS TO CONTEST AN ELECTION FOR COUNTY
SURVEYOR.—November 21.

# Parrish v. Powers

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

From a judgment sustaining a demurrer to his
petition the plaintiff appeals—Reversed.

1. Elections— Nominations — Presumptions. — Where a county
   clerk places a candidate's name upon a ballot without dispute
   or contest, it will be presumed that the candidate was regu-
   larly nominated and that his nomination was certified to the
   clerk as provided by statute.
2. Same—Eligibility.—The allegation, in a petition to contest an
   election, that the contestant was the Republican candidate, is
   sufficient, without an express averment of his eligibility.
3. Same—Ballots—Pasters—Where a private person, after elec-
   tion ballots are printed, places his name under the Demo-
   cratic device by means of pasters, as though nominated by
   that party, having no right to so place his name, his election
   is void.
4. Same—Effect on Void Election.—Where a private person
   wrongfully places his name on ballots, under the Democratic
   device by means of pasters, rendering his election void, the
   candidate receiving the next highest number of votes will be
   deemed elected, since the ballot will be treated as it was
   before the name was placed on it, and as it would have been
   if his name had not so appeared on it.

GRANT E. LILY and STEPHEN D. PARRISH for appellant.

POINTS AND AUTHORITIES.

In democratic social organization, political agency (official)

Parrish v Powers.

rights can be granted, or secured only by compliance with regularly recognized and potent legal prescriptions, the basis thereof, and vitality of the public official authority therein inherent.

### AUTHORITIES.

Ky. Stats., section 41; Acts Ky. Legislature, 1904, p. 263; 26 Ky. Law Rep., 1011; 93 Ky., 223; 24 Ky. Law Rep., 545, 1046; Civil Code, section 732; Ky. Stats., sections 1471 and 460; Constitution, sections 6 and 147; 19 Ky. Law Rep., 1134; 104 Ky., 483 (mandatory, etc.); Cooley's Const. Limitations, 441.

J. A. SULLIVAN for appellee.

(No brief in the record.)

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Reversing.

At the regular election in November, 1905, S. Parrish received 2,608 votes for surveyor of Madison county, and W. F. Powers received 2,671 votes. On November 18th the election commissioners issued to Powers the certificate of election, and on November 25th S. Parrish brought this suit to contest the election. The circuit court sustained a demurrer to his petition, and he appeals.

He alleged that he is over 21 years of age; that he is a practical surveyor and civil engineer, and that he had for more than 25 years followed the avocation of surveying; that by a convention regularly called and held by the Republican party of Madison county on September 26, 1905, he was nominated for the office of surveyor; that he accepted the nomination, which by the duly constituted authorities of the convention was acknowledged and certified to the clerk of the Madison county court more than 15 days before the election; that the county clerk accepted

the certificate, and pursuant thereto caused his name
to be printed on the official ballot in the Republican
column under its proper device; that the defendant,
without any right so to do, wrongfully had his name
printed on slips or pasters, and on the morning of
the election wrongfully had these pasters attached to
the official ballot under the Democratic device by the
election officers in all the precincts except two; that
in two precincts they refused to allow the pasters to
be attached to the official ballot; that Powers' name
was not placed on any educational or sample ballot;
that the placing of the name of Powers on the ballot
by pasting the pasters under the Democratic device
was wrongful; that he had never been nominated by
any primary election or convention; and that no peti-
tion had been filed with the clerk asking that his name
be placed on the ballot; that his name had never
been certified to the clerk by the constituted authori-
ties of any political party; that no political party
except the Republican party had nominated a can-
didate for the office of surveyor; that the pasters were
exactly the color of the regular ballot, and that they
were not placed upon the ballot by any county, dis-
trict, or election official to fill a vacancy on the Demo-
cratic ticket caused by the death, removal, or resigna-
tion of any candidate; that no electors voting at the
election voted for Powers by writing his name on the
ballot; that many of the Democratic electors, desiring
to vote for all the nominees of the party, only made
their cross under the Democratic device, and that
this they did unaware of the fact that Powers' name
had been placed on the ballot by the pasters; that
the placing of Powers' name on the official ballots
in this way was a fraud on him and on the electors,
and that nearly all voting at the election under the

Parrish v Powers.

Democratic device did not knowingly vote for Powers; that Powers is without qualification for the office of surveyor, in that he is not a surveyor and is not qualified to discharge the duties of the office. He prayed that it be adjudged that he be entitled to the office, and that Powers be adjudged not entitled to it or properly elected thereto.

In Hollon v. Center, 102 Ky. 119, 43 S. W. 174, 19 Ky. Law Rep. 1134, it was held that it is the duty of the clerk to place upon the ballot the name of the person certified as nominated, although the certificate does not state the residence of such person or the residence of the official signing the certificate, unless he demands other proof of the facts required to be stated in the certificate. It was also held in that case that, if the clerk knows personally the facts, he may act upon his own knowledge, in the absence of any contest or dispute. The allegations of the petition are not sufficient to show that Parrish was regularly nominated, and that his nomination was certified to the clerk, as provided by the statute. But the clerk placed his name upon the ballot without dispute or contest. It must now be presumed that the officer did his duty, and that Parrish's name was properly placed on the ballot under the Republican device, as the clerk had the right to act upon his own knowledge. Section 99 of the Constitution provides for the election of a county surveyor. Section 100 provides that no person shall be eligible for the office who is not at the time of election 24 years of age, a citizen of Kentucky, and who has not resided in the State two years and in the county in which he is a candidate one year next precedng the election. The petition does not show that Parrish possessed these qualifications, but it does show that

he had been nominated for the office by the Republican party, and that his name had been placed on the official ballots by the county clerk. In response to a similar objection as to the sufficiency of the petition in a contested election case this court, in Tunks v. Vincent, 106 Ky. 833, 21 Ky. Law Rep. 475, 51 S. W. 623, said: "'We are to bear in mind, also, that the statement that contestant was a candidate of one of the political parties has force, in view of our election laws providing for party nominations. When one is such candidate, he must be presumed to be entitled to have his name go on the official ballot, and is prima facie eligible to the office for which he is a candidate. The mere averment of his candidacy under these circumstances implies eligibilty." We therefore conclude that the petition states facts sufficient prima facie to entitle Parrish to maintain the action. It remains to determine whether the facts stated in the petition are sufficient to constitute a cause of action.

Elections are to be held by secret official ballot. Ky. Stats. 1903, section 1446. The only contingency in which pasters may be used is in case of the death, removal, or resignation of a candidate after the printing of the ballots, and in that event the chairman of the political organization of which the candidate was a member may make a nomination to fill the vacancy and provide the election clerk of each precinct with a number of pasters containing only the name of the candidate. It is the duty of the clerk to put one of the pasters in a careful manner and in the proper place on each ballot before he signs his name to it. In the case at bar the Democratic party had made no nomination for the office of surveyor. The chairman of the Democratic party did not provide the pasters. The pasters were provided by Powers him-

self.   So the case comes to this: That a private person, after the ballots were printed, had his name placed upon the ballots under the Democratic device as though he had been nominated by the Democratic party, when in fact he had not been so nominated and had no right thus to place his name on the ballots.   When names are placed on an official ballot as nominees of a political party, the voters of the party have a right to assume that the candidates are the nominees of the party.   If such a practice were tolerated as is shown in this case, party nominations would be of little value, and no confidence could be placed in the official ballots as showing correctly who were the party nominees to be voted for at an election.   Each political party is not only entitled to control its own nomination, but it is also entitled to have the ballots so guarded that the voters of the party may have confidence in the ballots as expressing truly who are the party nominees.   Were the rule otherwise, political nominations would be of little value, and the official ballot would be often actually misleading.   The provisions of the statute therefore for the protection of the official ballot must be rigidly enforced.   The placing of Powers' name on the official ballot was without right, and an election secured by such means cannot be allowed to stand; for Parrish's friends no doubt understood that he had no opposition, and those who voted for Powers simply by stamping under the Democratic device meant, often, only to vote for the Democratic nominees. The placing of Powers' name on the ballot under the circumstances indicated was a fraud, whether so intended or not.

The question remains: What was the effect of Powers' name pasted upon the ballots, and of the votes

recorded under the party emblem of the Democratic party under which his name thus appears? Having held that his name was not rightfully on the ballot, it must be disregarded for all purposes. The ballot should be treated just as it was before his name was placed on it, and just as it would have been if his name had not so appeared upon it. Otherwise, the result would be that officers of an election or other persons unauthorized to do so would have it in their power to thus destroy the validity of every election. Suppose the case were thus: That some one else had actually and legally been nominated for the office of surveyor by the Democratic party to be voted for at that election, and that name had been duly certified by the county court clerk and by that official caused to be printed upon the official ballot; and then suppose that appellee and the officers of election, or some other unauthorized persons, had caused pasters to be used and put them over the name of the Democratic nominee, thus leaving Powers' name alone, and that the vote had been just as it was shown in this case— could it be reasonably argued that Powers was elected county surveyor by this method? We think not. But we would hold that the vote under the party emblem was intended as a vote for each nominee under that emblem whose name rightfully appeared there. One cannot be elected to an office, without the knowledge and purpose of the electors, by a mere subterfuge and trick; nor ought the trick to be allowed to interfere at all with the result of the election, if that result can be ascertained fairly by disregarding it. It can be, in this case, fairly ascertained, we think, that the electors intended to vote only for regular party nominees, except where they indicated a different purpose by marking the ballots specifically as provided by

statute; and inasmuch as Powers was not the nominee either of the party or other wise, and his name had no rightful place on the ballot, its presence ought to be totally disregarded, and the result certified in accordance with the status when his name is eliminated; that is, that appellant received all the votes for the office, and no one received any of the votes opposed to him. Edwards v. Loy, 113 Ky. 746, 68 S. W. 1091, 24 Ky. Law Rep. 20.

In this view of the case, it results that the judgment of the circuit court dismissing appellant's petition must be reversed, and cause remanded for proceedings consistent herewith.