## Lippold v. Hagner.

(Decided October 30, 1928.)

### Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Elections.—When the name of a candidate of a regular political party appears on the regular ballot at the regular election at the proper place on the ballot, the presumption is that the officers whose duty it was to correctly print and distribute the ballots did their duty, and that the name of such candidate is regularly on the ballot, so as to make a prima facie case for the candidate whose name so appears in case of contest.

2. Elections.—In the contest of an election, passing on question of demurrer to petition because of insufficient allegation as to method of contestant getting his name on election ballot, defendant had burden to show that contestant's name was not legally thereon.

3. Judgment.—Order of court, approving commissioner's report laying off magisterial voting districts, provided for by Ky. Stats., sec. 1079, could not, in proceeding contesting election of party whose name appeared on ballot, be attacked by unsuccessful candidate, whose name also appeared thereon.

W. A. ARMSTRONG for appellant.

LAWRENCE J. MACKEY and EDWARD L. MACKEY for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant, Joseph S. Lippold, was the Republican candidate for justice of the peace, and Edward Hagner was the Democratic candidate for the same office, in the Fourth Magisterial district of Jefferson county at the November election, 1927. The election was to fill a vacancy arising out of an opinion of this court holding that the regular election held in Jefferson county in 1925 was invalid. The canvass of the returns from the Fourth magisterial district by the election commissioners showed that appellee received 3,573 votes, and appellant received 3,379 votes. Three days after the certificate of election was issued and delivered to appellee, the appellant instituted this contest proceeding. The ground of contest, as stated in the petition, is that the election officers in the forty-fourth precinct of the Twelfth ward failed to certify any vote in the race between appellant and appellee, when they should have certified 272 votes for appellant and 13 for appellee; that in the fifty-second precinct of the Eighth ward a like mistake was made, when there should have been certified 97 votes for appellant and 96 votes for appellee; that a like mistake was made in the fifty-first precinct of the Eighth ward, except that in that precinct 114 votes were certified for appellee and none for appellant, when as a matter of fact appellant received 127 votes in the precinct. He asked for a recount of these precincts, all of which were in the Fourth magisterial district.

Appellee filed an answer, the effect of which was to deny that the appellant was the Republican candidate for justice of the peace in that magisterial district at that election. Other issues were sought to be raised by the answer. The court, without objection from either party, directed the master to obtain the possession of the ballot boxes, open them, and count the votes in the race between appellant and appellee in the precincts mentioned in the petition. This the master commissioner did, and made his report, without objection from either party. His report showed that in the precincts mentioned Lippold received 499 votes more than had been certified for him, and Hagner received 109 votes more than had been certified for him, which, when added to the votes previously certified and counted, brought the vote of Lippold up to 3,875, and that of Hagner up to 3,682. No one disputes the result. Unless some reason is found, other than a failure to receive a sufficient number of votes, Lip-

pold will have to be declared elected to the office. But appellee argues that Lippold did not prove that he was the Republican candidate at that election, and for that reason no votes should have been counted for him. The learned chancellor below seems to have upheld the contention that Lippold did not prove that his name was legally on the ballot, and therefore he was entitled to no votes. When the name of a candidate of a regular political party, such as the Republican party, or the Democratic party, appears on a regular ballot at a regular election at the proper place on the ballot, the presumption is that the officers whose duty it was to see the printing and distribution of the ballots did their duty, and that the name of such a candidate is legally on the ballot. This is not a conclusive presumption, but the name appearing on the ballots makes a prima facie case for the candidate whose name so appears in case of a contest. Tunks v. Vincent, 106 Ky. 829, 51 S. W. 622, 21 Ky. Law Rep. 475; Parrish v. Powers, 127 Ky. 164, 105 S. W. 391, 32 Ky. Law Rep. 125. These two opinions are cited by the chancellor in his memoranda passing upon a question of demurrer to the petition because of its insufficient allegation as to the method of appellant in getting his name on the ballot. These opinions are sound. In following them the chancellor should have held that the burden was on appellee to show that the name of the appellant was not legally on the ballot.

One other question is raised on this appeal, and that is that a number of the precincts in this magisterial district are within the city of Louisville, and that under the provisions of section 1079, Ky. Stats., four of the magisterial districts in Jefferson county must be outside of the city and four must be inside of the city. The city has grown in the last few years and extended its boundaries, and as a result of the separation of magisterial districts between the city and the county outside of the city has become confused. Commissioners laid off magisterial districts in Jefferson county in 1925, and included in the Fourth magisterial district were precincts both in the city and outside the city. It may be or it may not be the commissioners did not act in accordance with the provisions of the law, and it may be or it may not be that the law is mandatory; but the action of the commissioners was not void, and the order of court approving their report cannot be attacked, except in a direct proceeding, and an election contest such as this is not a direct pro-

ceeding. The chancellor properly held that the vote in these precincts in the city should not be rejected.

Judgment reversed, and cause remanded, with directions for proceedings consistent with this opinion. Whole court sitting.