## Commonwealth v. Marcoffsky.

(Decided January 13, 1916.)

## Appeal from Montgomery Circuit Court.

1. Intoxicating Liquors—Local Option Election—When Certificate of Result or Decision of Contest Board May be Recorded.—When a local option election is held and a majority vote against the sale of liquor, the certificate of the canvassing board cannot be recorded after notice of contest has been given, nor can the decision of the contest board be recorded after an appeal to the circuit court has been perfected. And if the certificate of the canvassing board is recorded after notice of contest, or the decision of the contest board is recorded after an appeal has been perfected, the recording is a mere nullity and does not have any effect.

2. Intoxicating Liquors—Local Option Law—Effect of Recording the Certificate of the Canvassing Board or Decision of Contest Board.—The recording of the certificate of the canvassing board, or the recording of the decision of the contest board, is necessary to give effect to the change in the status worked by the result of the election. Until one of these is recorded, the status remains the same as it was before the election.

3. Intoxicating Liquors—Certificate of Canvassing Board—Decision of Contest Board—When May Be Recorded.—If there is no contest, the certificate of the canvassing board may be recorded as provided in the statute; but if there is a contest, the certificate cannot be recorded, but the decision of the contest board should be. If the taking of an appeal from the decision of the contest board is delayed, the decision may be recorded before the appeal is prosecuted, and the appeal will merely suspend the operation of the decision until the case is determined. If an appeal is promptly taken from a decision of the contest board, the decision cannot be recorded until the appeal is finally determined, and then it should be put on record.

W. B. WHITE, EARL S. SENFF, JOHN G. WINN and JAMES GARNETT, Attorney General, for appellant.

JOHN A. JUDY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In June, 1915, the appellee was accused of the offense of selling whiskey in local option territory, to-wit: in the city of Mt. Sterling, in Montgomery county. He was tried and convicted in the county court, and on his appeal to the circuit court there was a judgment, by the direction of the trial court, finding him not guilty of the offense charged, and the Commonwealth appeals.

The agreed facts show that a local option election was held in Montgomery county on September 28, 1914, at which a majority of the legal votes cast were against the sale of liquor in the county, including the city of Mt. Sterling.

The result of the election was certified by the canvassing board, but as immediately thereupon a contest was instituted by those favoring the sale of whiskey, the certificate was not recorded in the county clerk's office. On November 4, 1914, the contest board rendered its judgment holding that the election was valid, and thereupon one copy of the judgment was delivered to the county clerk to be recorded in his office. At once upon the rendition of the decision of the contest board, and before its judgment determining the contest had been recorded by the county clerk, the contestants, in the manner provided by law, perfected an appeal to the circuit court. When the appeal was duly perfected in the office of the circuit court a supersedeas was executed on the clerk of the county court on the day the judgment in the contest case was handed down and before the clerk had entered the same on the records of his office. After the appeal had been prosecuted to the circuit court and the order of supersedeas had been issued by the clerk of the circuit court and executed on the clerk of the county court, he, on the same day, entered the judgment of the contest board on order book of his court. In January, 1915, the election was sustained by the circuit court and an appeal at once taken to this court; the judgment of the circuit court was affirmed by this court and the mandate from this court issued on May 26, 1915. It will thus be seen that the result of the election as certified to by the canvassing board had not been entered on the order book of the county clerk at the time the appellee committed the offense charged, and the only order entered on the record books of the county clerk showing the result of the election at the time of the sale of the whiskey was the judgment of the contest board entered at the time and under the circumstances stated.

Section 2556 of the Kentucky Statutes provides that: ''If it shall be found that a majority of the legal votes cast at any election herein provided for were given for or against the sale, barter or loan of spirituous, vinous or malt liquors in the county, city, town, district or precinct, it shall be the duty of the canvassing board to

certify that fact, which certificate shall be delivered to the clerk of the county court, and by him safely kept until the next regular term of the county court, at which term the judge thereof shall have the same spread on the order book of his court and said entry of the certificate in the order book or a certified copy thereof, shall be *prima facie* evidence in any or all proceedings under the act.''

Section 2566 provides that when the election is contested, ''and notice of the contest shall be executed on the county judge, the certificate shall not be recorded.''. This section further provides that when the contest board makes its decision or renders its judgment, one copy thereof shall be delivered to the county clerk of the county in which the contest is pending, which shall be entered on the order book of the county court, and if the decision of the board be that a majority of the legal votes cast at the election were against the sale of such liquors, the entry of such decision shall have the same effect as the recording of the certificate of the examining board as hereinbefore provided.

The certificate of the canvassing board certifying to the county judge the result of the election as provided in section 2556, was not recorded by him, because before the time fixed for its recording, a notice of contest had been executed on the county judge, and he was then forbidden by section 2556 to put the certificate on record.

It will further be noticed that the statute provides that when the decision of the contest board is handed down, a copy shall be delivered to the county clerk to be entered on the order book, and that the entry of this decision shall have the same effect as the recording of the certificate of the canvassing board. But the county clerk in this case had no right or authority to enter at the time he did the decision of the contest board. At the time he entered this decision an appeal from the judgment of the contest board to the circuit court had been prayed and perfected, and an order of supersedeas issued, staying all proceedings on the judgment of the contest board.

It is conceded by counsel for the Commonwealth that the authorized entry on the order book of the county court of the decision of the contest board was indispensable to put into effect the result of the election. In other words, until this decision was entered on the records of the county court, the status of the territory

affected by the election remained as it was before the election was held. To illustrate, the city of Mt. Sterling in which this whiskey was sold was wet territory before the election, and the entry of the decision of the contest board was necessary before this territory could be converted into dry territory. And unless it was so converted into dry territory, the appellee could not, of course, be convicted for selling whiskey in local option territory.

Counsel for the Commonwealth contend that the only effect of the immediate appeal, with supersedeas, from the decision of the contest board, to the circuit court, and the only effect of the immediate appeal, with supersedeas, from the judgment of the circuit court to this court, was to suspend the effect of the judgment of the contest board entered by the county clerk pending these appeals, and that when the appeal was finally determined in this court, which was when the mandate issued on May 26, the judgment of the contest board theretofore entered by the county clerk became at once operative, and the effect was that it at once converted what had been wet territory into dry territory.

On the other hand, counsel for appellee insists that the entry of the decision of the contest board by the county clerk, under the circumstances stated, was a mere idle performance. That it was a nullity from the beginning. That he was without authority to enter it and consequently his act could not change the status; and so was necessary, in order to put the local option law into effect in this territory, that the decision of the contest board should have been entered by the county clerk after the mandate from this court issued, and as this was not done at the time appellee sold the whiskey, he could not be punished for the sale, because the local option law was not in force.

This question has been, as we think, determined by this court in two cases adversely to the contention of the Commonwealth.

In Townsend v. Gorin, 144 Ky., 671, the court said: "When the contest is decided, the decision of the contest board shall be entered on the order book of the county clerk; that is, it is the duty of the county judge to have it so entered. But this provision of the statute is to be read in connection with the provision immediately following to the effect that the defeated party

may appeal to the circuit court in the same way as appeals are taken from the quarterly court to the circuit court. If the appeal is taken before the county judge enters the certificate on the order book, it should not thereafter be entered on the order book.     *     *     *

"The statute should be carried out according to its spirit by both sides. Its purpose is to allow the defeated side to appeal with supersedeas, and thus preserve the existing status. It is also its purpose that there should be no delay in taking the appeal where it is desired to preserve the status. The county court should not enter the certificate on its order book without giving the defeated side a reasonable time to obtain a supersedeas where it knows they desire to do so, and on the other hand, when a supersedeas is desired, the appeal should be taken at once. If it is delayed and the judgment of the contest board is entered on the records of the county court, then the status is changed, and remains changed until the supersedeas is taken out."

In Hall v. Smith-McKenney Company, 162 Ky., 159, the court said.: "It being conceded that the election could not, under section 2557, become effective until the certificate of the canvassing board was entered upon the county court order book; that it could not, under section 2566, be so entered after notice of the contest was served upon the county judge; and that, by the appeal and supersedeas under section 2567, and the authorities above cited, the recording of the certificate was suspended, it would seem necessarily to follow, in the absence of some statutory provision to the contrary, that the election did not become effective until after the determination of the appeal and the subsequent entry of the certificate of the board upon the order book of the county court."

In other words, the effect of these decisions is that when a contest is instituted without delay, the certificate of the canvassing board should not be entered, and neither should the decision of the contest board be entered, if an appeal is promptly taken, because the entry of the decision of the contest board has the same effect and accomplishes the same purpose as the entry of the certificates of the canvassing board. If one cannot be entered after notice of contest, neither can the other be entered after notice of appeal. If the entry of the certificate of the canvassing board after notice of the contest

has been served on the county judge would be a mere nullity, so would the entry of the decision of the contest board after an appeal had been prosecuted and perfected from the decision be a mere nullity. In short, when a contest is promptly instituted after the canvassing board has made its decision, and this contest is diligently prosecuted from one court to another, the status existing before the election cannot be changed until the contest case is finally disposed of, and then it can only be changed by the entry of the judgment of the contest board, which takes the place of the certificate of the canvassing board.

We think it is plain that the clerk of the court cannot by doing something that he is forbidden to do change an existing status. If he enters an order or a judgment that he has no right or authority to enter, and that he has been commanded by an order of supersedeas not to enter, the order or judgment so entered by him cannot at any time or under any circumstances have any force or effect. There would be much force in the argument of counsel for the Commonwealth that the appeal merely suspended the operation of the judgment of the contest board entered by the clerk pending the appeal if the clerk had been authorized to enter this judgment. Undoubtedly when the clerk enters a judgment that he is authorized to enter, his act is not a nullity. The prosecution of the appeal does not destroy the judgment he has entered. It merely suspends its life until the case is finally disposed of, when it becomes at once effective.

This principle was announced in the Smith-McKenney case. In that case the contest board rendered its decision on November 5, 1914, and its decision was on that day recorded upon the order book of the county court. But the appeal by the contestants from the decision to the circuit court was not perfected until November 14th. Therefore, at the time the county clerk entered the decision of the contest board, an appeal had not been prosecuted, nor had proceedings under the decision of the contest board been stayed, and so the court said:

"When an appeal to the circuit court is determined, the judge of the county court may then record the decision of the contest board on his order book, unless an appeal with supersedeas is immediately taken. But since the decision of the contest board in this case was recorded on November 5, 1914, and the appeal therefrom

was not taken until November 14th, it will not be necessary to again record it, in case the election should finally be sustained. The decision having been properly recorded, the appeal and supersedeas only suspended its efficacy pending the appeal."

But in the case we have the county clerk, before he recorded the decision of the contest board, knew that an appeal had been taken, and that a supersedeas had been issued and executed on him; yet, in spite of this, he proceeded to record the decision. If the appeal from the decision of the contest board had been delayed, as it was in the Smith-McKenney case, and the decision of the contest board had been entered on the records of the county court before the appeal was perfected, then the appeal would merely suspend the efficacy of the decision until the case was finally disposed of, at which time it would come into full effect.

The judgment is affirmed.