## Bowles et al. v. Knight.

(Decided Feb. 5, 1935.)

FRANK RIVES and WALTER ROBINSON for appellants.

S. T. FRUIT and JAMES BREATHITT, Jr., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

Until the effective date of the 1934 codification of the school laws, the colored schools of Hopkinsville were conducted by a board of education elected and functioning under section 3462, Statutes. An election for five members of the board was held September 19, 1933. The candidates were grouped under the classication of old board and new board. By the returns the old board was elected. The others brought a contest, and much evidence was heard. The trial court adjudged there was no election, and from that judgment the members of the old board have brought this appeal.

By common consent any voter so desiring seems to have been permitted to vote openly on the table or have his ballot marked for him by one of the officers without any attempt to conform with the provisions of section 1475 of the Statutes pertaining to that manner of voting. The evidence shows pretty well that, although having the form of an election by ballot, it was to a large degree actually conducted viva voce. Certain it is that a large percentage of the vote was illegally cast. There is really no dispute about this fact. However, the percentage cannot be ascertained from the record.

The contestant introduced a number of witnesses who testified that they had voted thus illegally for the contestees, and also who testified that they had voted for the contestants. The appellants argue that, with the reduction of their total by this number specifically shown to have been illegally cast for them, they still had a majority, and were therefore entitled to the office. It is further argued that the court was not authorized to throw out the election under the provisions of section 1596a-12, as amended by Acts 1930, c. 51, which authorizes such action if it appears from the record "that there has been such fraud, intimidation, bribery or violence in the conduct of the election that neither contestant nor contestee can be adjudged to have been fairly elected." Except for the manner of voting and some general evidence of the purchase of votes by persons not shown to have been expressly or impliedly authorized by the candidates, it appears that there was no "fraud, intimidation, bribery, or violence," as those terms are ordinarily understood.

We put aside those cases relating to primary elections, which the courts are not authorized to set aside under the provisions of this statute, or otherwise than where all the candidates were disqualified by the Corrupt Practice Act (Ky. Stat. sec. 1565b-1 et seq.). Johnson v. Caddell, 251 Ky. 14, 64 S. W. (2d) 441. In the application of the statute to general elections, the courts will declare that there was no election where the record presents a state of case which prevents them from arriving at a reasonably accurate conclusion that one or the other party received a plurality without being confined to the literal meaning of the grounds specified in section 1596a-12; the object of the statute being to prevent illegal elections. Johnson v. Little, 176 Ky. 505, 196 S. W. 156, Ann. Cas. 1918A, 70; Muncy v. Duff, 194 Ky. 303, 239 S. W. 49; Drennan v. Roberts, 234 Ky. 574, 28 S. W. (2d) 735; Scott v. Roberts, 255 Ky. 34, 72 S. W. (2d) 728.

While it cannot be determined with any degree of mathematical accuracy the number of votes illegally cast, we have no difficulty in concluding that there was such a portion of the whole vote as authorized the circuit judge to declare there was no election.

Judgment affirmed.