## Bennett v. Day et al.
(Decided Jan. 28, 1938.)

ERNEST N. FULTON and L. W. ROSS for appellant.
AMOS WILLIAMS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

A local option election was duly called by the county judge of Spencer county to be held throughout its territory on June 26, 1937, which was done. There were cast thereat 813 votes in favor of the adoption of local option, and 418 votes against its adoption, making a majority in favor of adopting the law of 395 votes—all of which was duly and regularly certified. Within the time prescribed by section 2554c-13 and section 1596a-12 of our present Statutes appellant filed in the Spencer circuit court this contest action against the proper officials of the county, wherein he contended that the election held on June 26, 1937, was invalid for divers reasons and grounds set forth in his contest petition, which were: (1) That the election commissioners for the county failed to appoint special officers to conduct the contested election in the manner provided by law, in that they did not distribute the officers according to their sentiment upon the propositions submitted, as is pre-

scribed in section 2554c-10 of our present Statutes; (2) that on the day of the election "various and divers parties in favor of adopting the local option law * * * went to the different voting polls or places in which the said votes were being taken * * * and within said voting polls and near and around same and less than 50 feet from same, and sought and implored and induced and coerced many and divers voters in favor of adopting the local option law," etc.; (3) that the county court clerk of the county closed the registration books for eight days preceding June 24, 1937, but that pursuant to a mandatory order obtained by court he opened them on the latter date—which was two days before the local option election—and that because of his action in so closing the registration books the election should be declared void; and (4) that on September 19, 1936, there was a similar election held—pursuant to a regular call therefor in Mt. Eden Precinct No. 10 in Spencer county, and at which a majority of the votes were cast in favor of local option, and which was certified according to law, and that when the election throughout the county was held in 1937—and which is the one now in contest— the status so produced in Mt. Eden Precinct had been fixed by the election held therein in 1936. It was, therefore, insisted that the election in contest, held throughout the county, was and is invalid because subsection (d) of section 2554c-4 of our present Statutes says: "No election shall be held in the same territory oftener than once in every three years."

Defendants named in the petition, as well as other intervening defendants, demurred to the petition, but without waiving it both classes of defendants filed separate answers denying the grounds of contest contained in the petition, and meager evidence was then taken by appellant in support of the issues thus formed, except as to ground (1) upon which no proof whatever was offered or heard by either side, nor is that ground argued or in any manner relied on in briefs. The court upon submission dismissed the petition, followed by this appeal prosecuted by contestant.

For the reasons above stated, there will be no occasion to hereafter refer to ground (1), since contestant unmistakably abandoned it in the preparation of his case, as well as in his brief. Moreover, either because

of the testimony introduced, or for some other reason, learned counsel for contestant (appellant here) in their brief filed in this court abandoned, by not mentioning, all of the above grounds except No. (4) and pertinent and relevant arguments flowing and deducible therefrom, if that ground is a meritorious one as affecting the validity of the election in other precincts of the county. Therefore, pursuant to a universal rule of practice in this court, none of the grounds except (4) will be dealt with or in any wise occupy our attention in disposing of this appeal. However, it might not be improper to state that the testimony fails to support any of those so abandoned by counsel in their brief. There is thus left the only other ground (No. 4) which, as we have seen, is the sole one argued by appellant's counsel on this appeal in this court.

In disposing of it, we may say at the outset that the record fails to present a state of facts calling for a disposition of the question as to whether or not the holding of the local option election in Mt. Eden Precinct No. 10 in 1936 barred the right to hold another such election throughout the county until the expiration of three years after the holding of the election in Mt. Eden Precinct. The reason supporting that statement is that neither the pleadings in this case, nor any testimony introduced at the hearing, or offered to be introduced, disclosed or proved how many votes were cast in the Mt. Eden Precinct (being the territory in which the 1936 election was held) at the general election throughout the county, held in 1937, and now being contested. Consequently, there is likewise no disclosure as to how the vote cast in that precinct in 1937 election was divided. That information is most vital and essential, since if the entire number of voters in Mt. Eden Precinct—or the number cast therein in the 1937 election—were less than 395, the majority of the ''dry'' vote in the county election of 1937, then, had all of them voted against the adoption of local option, the result would, nevertheless, be an adoption of local option in all of the other precincts of the county.

A literal following of the language of the statute— with no other modifying sections or parts of sections— sustains no other conclusion than that it was the intention of the Legislature to prohibit another election on

the same subject-matter within three years held in the same territory of the preceding one. Giving the language that effect, the only consequence would be to disqualify the voters in the Mt. Eden Precinct from participating in the 1937 election held throughout the county, and to render invalid the votes cast in that election by the voters of that precinct because of the prior 1936 election held in that same territory; and if such invalid votes did not change the result of the 1937 county election, it, by no interpretation of the statute, could be declared invalid.

Contested elections for the purpose of adopting or rejecting public measures which the law provides shall be submitted to the voters of prescribed territories at an election called for the purpose are to be conducted in the same manner as contested elections to public office, and which is so prescribed by section 2554c-13 supra. The contest statute, whereby elections to office are contested, is section 1596a-12, supra, of our present Statutes. Numerous are the contest cases heretofore determined by this court arising under that statute, many of which are appended in the notes to that section as contained in Baldwin's 1936 Revision of Carroll's Kentucky Statutes. In many of them, wherein the question arose and was presented for determination, we held that where the grounds of contest were directed to the casting of illegal votes, for any reason, the contestant must allege and prove that there were enough of such illegally cast votes to overcome the certified majority of the contestee, and if such illegally cast votes were insufficient to overcome that majority, the contest would fail for want of proof. One of the cases so holding is Muncy v. Duff, 194 Ky. 303, 239 S. W. 49. The proposition has been so universally followed, and is so well supported in reason, that we will not incumber the opinion with more extensive citations in support thereof. Applying that rule in this case, it was incumbent upon the contestant to show that the result of the 1937 election would have been different had those votes not been cast at that election. That, of course, could not be done except by deducting from the general result throughout the county the votes that were cast for the respective sides of the proposition at the 1937 election, and to certify the results as thus obtained. We have seen that no

such course was followed in this case and, therefore, the requirement, supra, was totally ignored.

But if we should indulge the presumption that every vote cast in the 1937 election in Mt. Eden Precinct was for the adoption of local option, still the final result would not be affected, unless that entire vote was equal to or exceeded the declared majority as certified in the contested election of 1937. Therefore, if this ground (4) was otherwise legally sustainable to invalidate the entire 1937 election (a question not decided), the judgment would have to be affirmed, unless the certified majority was overcome in the manner hereinbefore pointed out. The burden was upon contestant to allege and prove such facts, but again, we repeat, it utterly failed to do so, and which, no doubt, was because the facts in the case would not enable him to do so.

We have hereinbefore said that the condition of the record, for the reasons stated, made it unnecessary for us to determine whether or not subdivision (d) of section 2554c-4, supra, was applicable to the state of facts here presented so as to render the election held in 1937 throughout the county invalid. We do not intend thereby to intimate that it would have any such effect. The language of the subsection prohibits the holding of such elections (in the same territory) "oftener than once in every three years." The two elections here involved were not held in the same territory; but, if the subsection should be interpreted as applying to the situation here involved, then section 2554c-17 of the same Statutes—as well as a part of the same act when enacted in 1936—seems to make the county the dominating unit, except when the electorate throughout the county votes "wet" with a precinct or precincts in the county having formerly voted "dry," then the result of the election throughout the county shall not affect the "dry" status of such precinct or precincts as established therein by such prior elections held within their prescribed boundaries. In this case, however, Mt. Eden Precinct voted dry in 1936 and the election throughout the county held in 1937 was to the same effect. So that, the status in any event would be the same in Mt. Eden Precinct following the election in 1937 throughout the county. It is, therefore, more than doubtful if ground (4) is available to contestant in this case so as to ipso facto invali-

date the election in contest held throughout the county, even in the absence of the reasons hereinbefore discussed and determined.

Wherefore, for the reasons stated, the judgment is affirmed, and the mandate will issue at once without prejudice to the right of the contestant to file a petition for rehearing within the time allowed by law, since the contest appears to be clearly without merit.