# Buchanan et al. v. Clark et al.

(Decided Nov. 9, 1938.)

LEEBERN ALLEN for appellants.

S. M. NICKELL and D. EARL MILLER for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment of the Wolfe circuit court, dismissing the petition of appellants in an action contesting the local option election held in Wolfe county on June 7, 1938. The case was tried before the Honorable J. B. Hannah (a former member of this court), who was specially designated to try the case.

On April 4, 1938, a petition was duly filed requesting the county judge to call a local option election to be held in Wolfe county. Pursuant thereto, an order was made by the county judge, at the county court's then regular term, calling a local option election to be held in Wolfe county on June 7, 1938.

This election being duly held, a tabulation of the vote showed 988 votes cast for, to 95 votes cast against, the adoption of local option in Wolfe county.

Thereupon, the appellants, Roy Buchanan and Courtney Buchanan, filed this suit, contesting the validity of the election on the grounds that: (1) There had been an election held upon the same local option question for Wolfe county in May, 1937, or within less than three years before this present 1938 election, in violation of the provisions of section 2554c-4, sub-section (d), Kentucky Statutes; and (2) that an election was held in Wolfe county to elect a member of congress within thirty days next before the holding of the election, contested herein, on June 7, 1938, in violation of section 2554c-4, subsection (b), Kentucky Statutes.

The learned trial court, upon submission of the case, upon the pleadings, stipulation of facts and evidence, for final judgment, ordered that the plaintiff's petition be dismissed, to which the plaintiffs excepted and prayed an appeal, which was granted and is now brought before us.

The facts attending the calling and holding of this contested local option election and upon which the appellants rely in support of their objections to the trial court's ruling, upholding its validity and dismissing their contest petition, are, as disclosed by the record and the stipulation of the parties, made a part thereof, as follows:

That a county election was held on May 4, 1937, to take the sense of the people of Wolfe county upon the local option question (the same question as was again submitted to the voters of Wolfe county on June 7, 1938), which was contested in the Wolfe circuit court, wherein said election was held valid, but which judgment was upon appeal reversed and cause remanded, with directions to enter a judgment holding the election void. See Wolfe County Liquor Dispensary Ass'n v. Ingram, County Judge, 272 Ky. 38, 113 S. W. (2d) 839.

It is a further fact, stipulated and agreed between the parties, that a special election was, after April 4, 1938 (on which date the contested local option election here involved was, as stated supra, called and ordered to be held on June 7, 1938), called to be held in Wolfe county on June 4, 1938, by the Governor of the commonwealth to elect a new member to congress for the eighth congressional district of Kentucky, of which Wolfe county is a part, to fill the vacancy caused by the resig-

nation of the Honorable Fred M. Vinson, congressman for the eighth district; and that this congressional election, which was duly held, was a political election and held in the same county of Wolfe on June 4, 1938, or less than thirty days or even five days before the said local option election, contested herein, was held therein on June 7, 1938.

The applicable provisions of the 1936 Local Option Law, which are claimed to have been violated by the prior elections, so as to render this contested election invalid, are:

"§ 2554c-4. * * *

"(b) The [local option] election shall not be held on the same day that a primary or general election is held in the territory or any part thereof, nor within thirty days next preceding or following a regular political election. * * *

"(d) No election shall be held in the same territory oftener than once in every three years."

The appellants argue that such being the prohibitory provision of sub-section (d) of the Act, forbidding the holding of a local option election in the same territory oftener than once in every three years, and its being here, by stipulation, admitted that a local option election was held within the same territory of Wolfe county on May 4, 1937, or within less than the statutory period of three years before this contested election of June 7, 1938, was held, that the latter election was improperly called and held within the shorter period of about one year; that the plain provisions of the statute, as quoted, prohibit the holding of this character of election for the same territory oftener than every three years, or, in other words, that when a local option election has been held, as it is here agreed by stipulation was held, for Wolfe County, on May 4, 1937, that it prohibited another like election being held for the same territory within three years thereafter. Appellant contends that the statute, in so providing, did not contemplate a distinction intended or to be made dependent on whether or not it should be a legal election or an illegal election, but that the prohibition of the statute was in either case alike effective, as it was for the purpose of saving the people the burden and annoyance of holding such an election in a county oftener than every three years and

from such premise they argue that it follows, such being the scope and intendment of the statute, that the trial court's judgment, in upholding as valid this contested local option election, called and held within less than three years after the May 4, 1937, election, was in violation of the direct prohibition of the statute and should be reversed.

Appellants, in support of such contention, rely upon the case of Bennett v. Day, 271 Ky. 676, 113 S. W. (2d) 38, where the court, in discussing sub-section (d) of section 2554c-4, said [page 40]:

"A literal following of the language of the statute—with no other modifying sections or parts of sections—sustains no other conclusion than that it was the intention of the Legislature to prohibit another election on the same subject-matter within three years held in the same territory of the preceding one."

While we are in full accord with this quoted language of the Bennett opinion, in its statement that sub-section (d) of this section by its language clearly manifested the intention of the Legislature to prohibit the calling of another local option election within three years for the same territory as the preceding one, it quite as clearly permits the sense of the people to be taken on this subject every three years. Therefore, it must follow that such prohibited holding of another or second local option election in the same territory is limited, by its very language, to a case where there has been held in the same territory within three years a preceding legal local option election, capable of fixing the character and status of the territory, as dry or wet, according as by their majority vote, cast in the election, they have effectively declared in favor of or against local option.

It being in the instant case agreed and stipulated by the parties that the prior local option election held in Wolfe county in May, 1937, was, upon its appeal, set aside and held to be void, it resulted that the same did not serve to take the sense of the people on the subject, in that the election having been held void, it was in its legal effect no election. There having thus, in legal effect, been no election held upon the local option question in Wolfe county in 1937, it must follow that the

local option election here involved, held on June 7, 1938, in the same territory, was not another election held on this same subject matter within three years of the previous void election.

This exact question, as to whether a prior void election should be considered as being an election coming within the prohibition of section 2563 of the Statutes then in force, forbidding, in substantially the same language as does sub-section (d), section 2554c-4, Kentucky Statutes, the holding of local option elections in the same territory oftener than once in every three years, was presented and decided by us in the case of Taylor v. Cook, 147 Ky. 215, 143 S. W. 1055, wherein we said [page 1057]:

"It is insisted, however, that the election of April 14, 1911, was illegal, because it was held within three years after the former election of February 15, 1910, had been held. The statute, however, does not contemplate the consideration of a futile attempt to hold an election; and, since the election of February 15, 1910, was held to be void by this court, and of no force or effect whatever, it cannot be considered as an election for any purpose."

See, also, Brown & Proctor v. Hughes, 141 Ky. 695, 133 S. W. 770.

Clearly it follows, from this holding, and its supporting reason, in the Taylor Case, supra, that a void election, being no election, should therefore not be considered as a prior election from which is to be computed the three year period within which no second local option election may legally be held in the same territory, and when measured by such criterion, the appellant's contention that the contested local option election held in Wolfe County on June 7, 1938, is invalid, as having been held in violation of sub-section (d), section 2554c-4, Kentucky Statutes, i. e., within three years of the 1937 void election, should not be sustained.

By the second contention of appellant, there is presented the one question, as to whether or not the special election held in Wolfe county on June 4, 1938, to elect a congressman to fill out the unexpired term of the member elect, the Honorable Fred M. Vinson, was such an

election as would invalidate the local option election here involved, held in the same territory within three days thereafter.

Sub-section (b), section 2554c-4, Kentucky Statutes, prohibits, as set out supra, the holding of a local option election either on the same day that a primary or general election is held in the territory or within thirty days next preceding or following a regular political election.

The local option election here involved, which was called for and held on June 7, 1938, was, it is manifest, whatever its character, not held on the same day as the congressional election (held June 4, 1938), so that prohibition of the statute being eliminated, the question is, confined to our determining whether or not it was in violation of the further prohibition of the statute, as having been held within thirty days next following a regular political election.

It is the contention of appellants that the special congressional election was a ''regular political election,'' and was therefore one which prohibited the holding of this local option election within thirty days thereof.

To uphold this contention, the burden is on appellants to show that this congressional election held on June 4, three days before the local option election was held, was a ''regular political election'' as designated and intended by the statute and which as such prohibits the holding of a local option election within thirty days thereafter.

By the stipulation of the parties, it is recited that a special election (the congressional election) was called for June 4, 1938 and that the same was a political election held less than thirty days and even less than five days before the contested local option election was held in Wolfe county.

In the case of Norton v. Letton, 271 Ky. 353, 111 S. W. (2d) 1053, dealing with a contested local option election in Nicholas county, we said [page 1055]:

''Elections participated in by the people are furthermore divided into 'general' and 'special' elections. The one (general election) is for the purpose of selecting 'an officer after the expiration

of the full term of the former officer,' while the other (special election) may be one to fill a vacancy on a day other than the prescribed regular election day and before the arrival of the time of the general election for a full term, or to vote upon a measure that may be submitted to the people under provisions of law—but upon no fixed day—and in which cases the election is always required to be advertised and prescribed notices given for its holding. See the definition given in 15 Cyc. on page 279, which is but a restatement of the definitions as made by all courts and text writers. The text in 9 R. C. L. 978, section 3, clearly points out the same distinction between a general and special election, saying in part: 'Any election which is not regularly held for the election of officers or for some other purpose which shall come before the citizens at regular fixed intervals is a special election'; whilst general elections are those held upon fixed dates for the choosing of officers for regular periods of time and at which the voters may exercise their choice by casting their ballots. On page 991 in section 13 of the same volume the text in dealing with the question as to when notice of an election is necessary says: 'As to general elections it has been well established that the fixing of the time for the election either by law or by the Constitution is in itself notice which all electors must heed. * * * where, however, the time for holding an election is not prescribed by law, but is fixed by the officer vested with authority to call it, the voter cannot be expected to have or to take notice thereof unless notice is given or a proclamation issued.' "

The congressional election here held in Wolfe county three days before the local option election was clearly, as special elections are defined and distinguished from general elections by the above quoted language of the Norton Case, a special election, bearing all the definitive earmarks thereof as above given and also distinguished from a general election when measured by the special definitive characteristics and distinguishing earmarks of a general election.

It follows, therefore, that though the congressional election held in Wolfe county on June 4, 1938, was a political election, it was a special political election

318

rather than a regular political election and not such as would, under the terms of the statute, prohibit the holding of a local option election in the same territory within thirty days thereafter.

We entertain no doubt that for the reasons stated, and others which might be discussed, neither of the appellants' grounds, upon which they here rely and argue as grounds for a reversal of the judgment, are meritorious nor can be sustained.

Several other grounds of objection mentioned, but not urged, in appellants' brief need not be discussed, as need therefor it appears is dispensed with through their elimination by the stipulation of the parties made as to the facts, which in themselves answer them.

In view of the frivolous character of the grounds urged in this contest suit, whether stressed or not, we are led to conclude that both the suit and the appeal have been prosecuted to stave off the going into effect of the local option law in Wolfe county and merely to gain a longer day for continuing the sale of intoxicating liquors therein, even though recognizing that the election is valid. The judgment of the lower court is therefore affirmed, with directions that mandate issue at the expiration of ten days.