## Hardigree v. White, Sheriff, et al.

(Decided Nov. 15, 1938.)

BERT T. COMBS and J. H. ASHER for appellant.
ROY W. HOUSE for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

This is a contest of a local option election held in Clay County on July 3, 1937, in which 1,513 votes were cast for the adoption of the local option law and 392 against. The judgment dismissed the contest. A former similar election was held invalid. Hardigree v. White, 266 Ky. 648, 99 S. W. (2d) 785.

One of the grounds of contest continued to be urged in the brief of the appellant is that Walter E. Woods was not legally a member of the county board of election commissioners which chose the officers for this election. It appears that the chairman of the Democratic county executive committee, acting without knowledge or authority of the committee, had submitted five names to the State Board of Election Commissioners, but Mr. Woods was not among them. The State Board seems to have ignored that list, and, in the absence of a list submitted according to the Statute, the State Board named Woods as the Democratic commissioner for Clay County. Section 1596a-2, Statutes. Under this appointment

he duly qualified and acted as such in connection with this election. This is not a direct proceeding attacking and seeking to set aside the appointment as was the case of Russell v. Rhea, 269 Ky. 138, 106 S. W. (2d) 148. It is a collateral attack upon the appointment in the form of questioning the legality of Woods' acts. It is a sufficient response to the challenge of the validity of the election to say that whether he was a de jure or a de facto officer his official acts were valid so far as the public or third parties are concerned and there is no right in the appellant to question his acts in a contest of an election held by officers in whose appointment he participated. Holland v. Stubblefield, 182 Ky. 282, 206 S. W. 459.

There appears to have been a misunderstanding as to the time of the meeting of the county board of election commissioners to choose the officers for this election. Charles H. White, sheriff, and ex-officio chairman of the county board, and Woods met. After waiting for C. L. Garrison, the Republican member, to come and he did not, they proceeded to make up a list of election officers. The dry forces had submitted names from which they desired such officers to be chosen but the wet forces had not. The list of election officers, which had been signed by the other two members of the commission, was submitted to Garrison within the time stipulated by the statute and he approved and signed the list. It was in the form of and recorded as a minute of a meeting of the board. Because of the absence of written notice and the failure of Garrison to attend when White and Woods made up the list, it is argued that the election officers were illegally chosen and their action was void, which, in turn, invalidated the election. The case of Roberts v. Stumbo, 227 Ky. 334, 12 S. W. (2d) 1110, is relied on. The facts and nature of the proceedings are entirely different. We think the approval by Garrison, the third member, was an effectual waiver of the notice required by the statute to be given in writing (Section 1596a-2, Statutes), and that the selection of the precinct officers was as valid as if he had been present when it was first made. Certainly, it is not a ground of contest in an election. The appellant had filed a suit to enjoin the officers so chosen from serving in the election, but after the circuit court clerk refused to issue a restraining order he took no further steps in the case.

There was a very light vote cast in this election.

For some reason the polls were not opened in four precincts in which there were 577 registered voters. The appellant contends that because of the failure to hold an election in those precincts there was no county vote on the issue and that the disfranchisement of these electors invalidated the whole election. In the absence of any pleading or proof that the election was not properly and duly advertised in these precincts or that any attempt was made to exclude them from the election, save the dereliction of some officer or officers, it cannot be said that this was not a county unit election. Contestants rely upon the authorities holding that where any considerable proportion of voters have been deprived of their right of suffrage there has been no free and equal election. Wallbrecht v. Ingram, 164 Ky. 463, 175 S. W. 1022; Bowles v. Knight, 257 Ky. 640, 78 S. W. (2d) 913. A corrollary rule must control here. It is that if all the votes which might have been but were not cast should be counted for the loser in an election and the result would not thereby be changed, the entire election will not be set aside. Wallbrecht v. Ingram, supra; Wright v. Lyddan, 191 Ky. 58, 229 S. W. 74. If the 577 possible votes in the four precincts in which no election was held had been cast in opposition to the adoption of the local option law, and therefore added to the 392 so cast, there would yet have been a majority of 544 votes in favor of it. The court is, therefore, not authorized to set aside the election on this account. Bennett v. Day, 271 Ky. 676, 113 S. W. (2d) 38.

We think the trial court, a special judge presiding, properly dismissed the contest.

In view of the delay which has ensued in putting the law into effect because of this contest, which is without merit, the mandate herein will issue ten days from this date.

Judgment affirmed.