CASE 90—ACTION BY EDWARDS AGAINST LOY TO CONTEST AN ELECTION
—JUNE 14.

# Edwards v. Loy.

APPEAL FROM GREEN CIRCUIT COU1

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. REVERSED.

ELECTIONS—NAME OF CANDIDATE WRITTEN ON BALLOT BY CLERK—
CONTESTANT NEED NOT PROVE UNDENIED ALLEGATIONS OF PETI-
TION—COSTS.

Held: 1. Under Kentucky Statutes, section 1471, a voter who de-
sires to vote for a person whose name is not printed on the bal-
lot must write the name himself, and stamp in the square op-
posite the name; and therefore ballots stamped only in a de-
vice at the head of a column were improperly counted for one
whose name was written in the column by the clerk before
handing the ballot to the voter.
2. A candidate, though receiving only forty-two votes for a county
office, was entitled to the certificate of election, no votes being
cast for any other person for that office.
3. The plaintiff in an action to contest an election need not prove
the allegations of his petition, where there is no denial of
them, though defendant was not a candidate for the office in
contest, and refuses to accept the certificate or to qualify, and
is therefore only a nominal party.
4. The defendant in such an action, being only a nominal party,
should not be required to pay costs.

W. N. FOSTER, FOR APPELLANT.

POINTS AND AUTHORITIES CITED.

1. The Green circuit court had jurisdiction in contest case.
Acts Legislature, (1900, Oct. 24th), sec. 12, p. 41. Also Ken-
tucky Election Law, sec. 79, p. 57.
2. No ballot other than the secret official ballot furnished by the
county court clerk to the clerks of the election voting precincts,
of said election, as intended by the statute shall be used.
Kentucky Statutes, secs. 1446, 1471, 1475, 1569 and 1570; Rol-
lins v. McKinney, 57 S. W. R., (Mo.) 1027.

3. In default judgments every material allegation of the pleadings must, for the purpose of the action, be taken as true unless specifically denied. Civil Code, sec. 126, 2 A. K. Mar., 130.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

The appellant was a candidate for the office of sheriff of Green county at the November election, 1901. His name was regularly placed upon the official ballot for that office. He received forty-two votes. The appellee, Ben F. Loy, was not a candidate for the office of sheriff, and his name was not printed upon the official ballot which the county clerk furnished the officers of election in that county. At a number of voting precincts clerks of election, before handing the official ballots to voters, wrote in ink upon it in a blank space left on the ballot the name of the appellee for the office of sheriff. Several hundred voters received the ballots, and stamped it in the device over the column containing the names of candidates for the county offices in which the name of Loy was written as stated. No cross was made in the square opposite the name of Loy which had been written by the clerk of the election. No voter requested the clerk to write Loy's name on his ballot. The election officers returned these ballots as having been voted for Loy. The returns were canvassed by the county election commissioners, and the certificate of election was issued to him for the office of sheriff. He refused to accept the certificate or to qualify as sheriff. This, an action in equity, was instituted by the appellant to impeach the election returns, and to have the office of sheriff adjudged to him. We have stated substantially the facts averred in the petition. No answer was filed in the action, and no defense was made. The plaintiff did not take any testimony, presumably because there was no issue made upon the averments of his petition. The case was

submitted to the court, and he dismissed the petition. The
reason for doing so does not appear. The ballots which
were counted for Loy were not voted for him. The clerk
of election was not authorized to write his name upon
them. As Loy's name had not been printed on the offi-
cial ballot as a candidate for sheriff, the voter who desired
to vote for him for the office of sheriff was authorized
to write his name in the blank space left for that pur-
pose, and stamp a cross in the square opposite his name,
and when he had done so, and deposited the ballot in the
ballot box, it could then have been counted for him. Sec-
tion 1471, Kentucky Statutes. The voters neither wrote
the name of Loy on the ballot nor stamped in the square
opposite the name after one had been written. Such bal-
lots were not voted for Loy, and should not have been
counted for him. It follows from this conclusion that Loy
did not receive any votes at that election for the office of
sheriff. The election officers, in their returns, should not
have certified any votes for him. While Edwards received
but a few votes, still they were the only ones cast for any
one at that election for the office of sheriff. His name not
appearing under the Democratic or Republican device, but
under a device which was a picture of a horse, his candi-
dacy did not seem to appeal to the members of either of
the dominant parties for much support. The forty-two
votes which he received entitled him to the office, as much
as he would have been had he received every vote cast
at that election. The court below may have dismissed the
petition upon the idea that the contestant did not take
evidence to support the averments of his petition. Un-
til there was an issue made by a denial of them, it was
unnecessary for him to take any evidence to support them.
Section 29 of election laws provides for filing an answer in

an action instituted to contest the right to an office. If, in the answer the contestee sets up grounds of contest against the contestant, the reply must be filed thereto. It is also provided that the affirmative allegation in the reply shall be treated as controverted, and no subsequent pleadings allowed, and the action shall proceed as an equity action. It is contemplated by the law that the parties shall form an issue upon the grounds of contest. In equity cases issues must be formed by the pleadings, and, if the essential averments are not controverted, they stand admitted. While the public is interested in a contested election, it is in fact a controversy between two persons. The plaintiff was deprived of the right to be returned elected to the office of sheriff by reason of the abortive attempt of the electors or officers of the election to defeat him. He was deprived of his certificate of election by reason of the fact that the election officers certified that Loy had received a certain number of votes, when as a matter of law he had not received any. The plaintiff had failed to obtain the office by reason of the fact that the appellee's name had been improperly used to deprive him of it. Appellee may have been unwillingly or unwittingly placed in the position where his name was used to deprive appellant of a right, but the only way the right could be restored was by suing him. If it was proper to sue him, as we think it was, then the issues should be formed and tried in other cases of contested elections. We are of the opinion that the plaintiff had the right to institute the action against him. Appellee was simply a nominal party to this proceeding, and should not be adjudged to pay any costs. Appellant should be adjudged to pay all costs. Section 889, Kentucky Statutes.

The judgment is reversed, with direction to the court

below to adjudge that the appellant was elected sheriff of Green county at the November election, 1901, and that he is entitled to the office, and for further proceedings consistent with this opinion.

Whole court sitting.

Judge Hobson's dissenting opinion:

Loy declined to accept the certificate. He failed to qualify. The office became vacant, and he had no interest in the controversy. He was only a nominal party to the action, and his failure to answer the petition did not relieve the plaintiff of the necessity of taking his proof as provided by the statute. The office of sheriff is a matter of public interest, and the mere failure of a nominal party, who had no interest in the office, should not be allowed to confer the office on one who may in fact have no right to it. The certificates of the officers who conducted the election and counted and canvassed the returns show appellant was not elected. These official certificates are *prima facie* correct, and should not be overthrown by the unsustained allegations of the plaintiff's petition where the defendant is only a nominal party, and fails to answer and defend a case in which he has no interest. I therefore dissent from the opinion.

Chief Justice Guffy concurs in this dissent.