## Rogers et al. v. Commonwealth et al.

(Decided Dec. 18, 1936.)

RICHARD P. DIETZMAN, THOMAS A. BALLANTINE and TANNER OTTLEY for appellants.

O. B. BERTRAM, W. W. WEBSTER, ABEL HARDING and A. E. FUNK, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Taylor circuit court sitting in equity. On September 5, 1936, a

local option election was held in Taylor county under the provisions of chapter 1 of the Acts of 1936 (Ky. Stats. 1936 Ed. sec. 2554c-1 et seq.). The voters expressed themselves as opposed to the sale of liquor in the county, but, in due course, a contest of the election was filed and is now pending. Before a determination could be had of the questions raised by the contest the 60 days, prescribed by section 2554c-15 as the date after the entry of the certificate of the election commission on which the local option law should become effective, had practically expired. Appellants, who are all liquor dealers in Tayor county, were confronted with the prospect of prosecution if they continued in business, notwithstanding the fact that a contest of the election was pending. They thereupon filed this suit, in which they seek a declaration of their rights with reference to a continuance of their business pending the final disposition of the contest, and further ask for an injunction against the defendant enforcement officers to prevent an interruption of their business by penal action pending a decision of the election contest. It will be observed that this proceeding is not itself a contest of the election contrary to the form of action prescribed for that purpose by the statute, but is in its nature purely ancillary to that proceeding and solely for the purpose of protecting the plaintiffs in their alleged property rights pending the final determination of the election contest. As a matter of fact, appellants moved to have this suit consolidated with the election contest, but their motion was denied. The chancellor sustained a demurrer to the petition, and, plaintiffs declining to plead further, the petition was dismissed. This appeal followed.

We are confronted with the duty, therefore, of determining the status of the appellants pending decision of the contest case.

It is argued at the outset that this proceeding may not properly be brought under the Declaratory Judgment Act (Civ. Code of Practice sec. 639a—1 et seq.). It is claimed that this, in effect, is an attempt to attack the result of a local option election collaterally, which cannot be done. We think it is obvious that the appellants are not undertaking to attack the election, but are simply seeking an adjudication of their rights pending a decision of the contest on the merits. As said in Jef-

ferson County ex rel. Coleman v. Chilton, 236 Ky. 614, 33 S. W. (2d) 601, 603:

> "It is true the purpose of the Declaratory Judgment Act was and is to guide parties in their future conduct to avoid useless litigation. If an actual controversy exists, and that controversy is of the justiciable character necessary to meet the demands of the act, the remedy may be invoked."

Clearly, the effect of our determination of the issue raised by the petition will be to avoid much useless expense and litigation, and it is likewise clear that an actual controversy exists. We think the remedy a proper one.

Under the old local option law (Acts 1894, chapter 52), and under the amendment to it by chapter 13 of the Acts of 1914, it was repeatedly held that the filing of a contest under the procedure set up by that act suspended the taking effect of the election until the contest was determined. Hall v. Smith-McKenney Co., 162 Ky. 159, 172 S. W. 125; Commonwealth v. Marcoffsky, 167 Ky. 721, 181 S. W. 355, 357; Townsend v. Gorin, 144 Ky. 671, 139 S. W. 865. While the Legislature (Ky. Stats. 1936 Ed. sec. 2554c-13) has changed the method of contest prescribed by the old local option laws and now provides that a contest may be held "in the same manner as is now provided by law for the recount of ballots or contest of general elections of county officers" under section 1596a-12 of the Statutes, it has not seen fit to provide a change in the interpretation given by this court to the effect of a contest under the old local option law. Under the last paragraph of section 1596a-12, it is provided:

> "On the production of a copy of the final judgment the successful party shall be permitted to qualify or be commissioned, or a writ of new election shall be issued as the judgment may require."

Clearly, section 1596a-12 recognizes that candidates for office should not be permitted to qualify until there is a final adjudication of any contest under that section of the Statutes. By analogy, it seems clear that the Legislature intended that the filing of a contest in

good faith on substantial grounds would likewise suspend the operation of a local option election.

As said in Commonwealth v. Marcoffsky, supra, under the old law:

"In short, when a contest is promptly instituted after the canvassing board has made its decision, and this contest is diligently prosecuted from one court to another, the status existing before the election cannot be changed until the contest case is finally disposed of, and then it can only be changed by the entry of the judgment of the contest board, which takes the place of the certificate of the canvassing board."

Under section 1596a-12 there can hardly be any room for ebjection on the ground of lack of diligence in the prosecution of a contest. The section itself is mandatory as to the various times for taking steps, and expedites the hearing as much as seems reasonably possible. It is expressly provided that "the action shall have precedence on the trial docket over all other cases" and in the Court of Appeals shall "have precedence over all cases." Certainly, with this clearly expressed purpose to secure a decision as soon as possible, the courts have ample authority to require diligence in the prosecution of such actions, and have ample incentive themselves to decide the issues at the earliest moment. Under these circumstances, we do not think that appellant's petition is demurrable for failure to allege that the contest case to which it was ancillary was being prosecuted with due diligence. As a matter of fact, the briefs of counsel show facts, which are not disputed, indicating that the contest case is being zealously pushed to a decision.

Since the effect of our decision in this case is to determine that the local option law is not effective in Taylor county until the contest has been determined, it is unnecessary to consider the propriety or lack of propriety in granting an injunction to stay the prosecution of penal actions against the appellants. They certainly will not be prosecuted until the law becomes effective. Commonwealth v. Marcoffsky, supra. The

question of their right to an injunction is therefore not now decided.

Judgment reversed.

Whole court sitting.