## Glidewell v. Pace et al.

(Decided June 25, 1937.)

OPINION PER CURIAM—

This is a contest of a local option election held in Cumberland county on February 13, 1937. The grounds of contest are that the local option act of 1936 (Acts 1936, c. 1) does not conform to the provisions of section 51 of the Constitution, in that it embraces more than one subject, and that the last publication in the county newspaper was nine days before the election, and the notice did not appear in the last issue of the paper immediately preceding the day of the election.

We have recently held in the case of Goodwin v. Anderson, 269 Ky. 11, — S. W. (2d) — , that the act does not offend section 51 of the Constitution, and is a constitutional law.

We do not think there is any merit in the contention as to the time of advertising. It appears that the first publication occurred January 14, but the first two publications in the newspaper stated that the election had been called by order of the Cumberland circuit court. A corrected notice showing the order calling the election was made by the county court, was published January 28, and February 4. It appears, therefore, that there was a publication of a correct notice sixteen days before the election. We do not think the omission from the edition of the paper immediately preceding the day of the election was such a substantial departure as to require that the election be set aside. It is not contended that the notices required to be posted in each precinct were not continued up to the very day of the election.

Our conclusion is that the judgment in the contest case should be affirmed. This will avoid a decision on the regularity of the order of the circuit court made in vacation thereafter, directing that the law be put into effect pending the appeal.

In Allen v. Griffith, 160 Ky. 621, 170 S. W. 33, we.

held that subsection 12 of section 1596a, Ky. Stats. (now section 1596a-12), providing that the court shall hear and determine election contest cases as speedily as possible, authorized the issuance of an immediate mandate. The issuance of the immediate mandate is not a matter of right, but one which lies in the discretion of the court. We are of the opinion that an immediate mandate should issue in this case, but the same shall be without prejudice to the right of appellant to file a petition for rehearing.

Wherefore the judgment is affirmed and immediate mandate will issue. Whole court sitting.