## Garrison v. Kingins et al.

(Decided April 26, 1938.)

NAT RYAN HUGHES for appellant.

R. H. HOOD for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

At an election held in Calloway county on June 26, 1937, the vote for adopting the local option law was 1,686, and opposing 307. On the last day for doing so, B. W. Garrison, a liquor dealer, filed a contest of the election. He alleged that the petition for the election bore the "purported signatures of 1,992 pretended legal voters" of the county, and thereafter "in pretended pursuance of the aforesaid purported petition" the election was held. He stated that, there having been 6,632 votes cast at the last preceding general election, it was necessary that the petition should have been signed by 1,658 legal voters, and that of the 1,992 "purported" signatures "at least 425 of the persons whose names appear on the said petition as signers thereof were not legal voters in Calloway County at the time their respective names were signed thereto or at the time the said petition was pretended to be filed as hereinbefore set out, and he therefore says that at the time of the pretended filing of said purported petition same did not bear the signatures of and had not been signed by a number of legal voters in said county equal to 25% of the votes cast at the last general election." He further alleged that of the 425 persons whose names appear on the petition "189 had not at the time of the affixing of their respective signatures thereto or at the time of the pretended filing of said purported election" registered as voters and were "therefore not authorized by law to sign said petition." Paragraph 2 of the contest petition merely alleged that at least 236 of the persons whose names appear on the petition "did not properly and lawfully sign and subscribe their names, together with their respective postoffice addresses and the correct date upon which said petition was signed by

them," and therefore "the purported signatures of said 236 persons were and are invalid and should not have been counted therein."

The allegations of the petition are so indefinite and general and so palpably the conclusions of the pleader (Cassady v. Jewell, 268 Ky. 643, 105 S. W. (2d) 810), it is not surprising that, as soon as the circuit court got to it, the contestees' demurrer to the petition was sustained. After delaying eleven days, the contestant declined to plead further and the court dismissed the contest. The contestant prayed an appeal and executed a supersedeas bond to "pay all costs and damages" that should be adjudged against him and that he would satisfy and perform the judgment if affirmed. This was in accord with section 1596a-12, Statutes. See Barker v. Blankenship, 271 Ky. 213, 111 S. W. (2d) 592. The appeal was filed in this court as an appearance for our fall term, 1937, but the appellant obtained time until January 15, 1938, in which to file his brief. The appellees responded with their brief within ten days, but made no motion to advance and submit the case, as they had a right to do. The case lay dormant until within the week we were made aware of its pendency and advanced it of our own accord.

In view of this delay, during all of which time it would appear the sale of intoxicating liquors has continued in Calloway county, we may direct attention to section 2554c-15, Statutes, providing:

"Whenever a majority of the votes cast at an election shall be in favor of prohibiting the sale of intoxicating liquor in the territory in which the election shall have been held, the law prohibiting the same shall be in force and effect at the expiration of sixty days from the date of the entry of the certificate of the election commission in the order book of the county court."

We have held that the circuit court, by an order, may maintain the status and thereby postpone the operation of the law pending the determination of a contest of the election if it appears that the contest has been brought in good faith, on substantial grounds, and is being prosecuted with due diligence. Rogers v. Commonwealth, Rogers v. Webster, 266 Ky. 679, 99 S W. (2d) 781. If that does not appear, the court may deny a postponement and the law becomes operative in ac-

cordance with its terms. Goodwin v. Anderson, 269 Ky. 11, 106 S. W. (2d) 152. In this case there was no attempt to follow such procedure, for the apparent reason that the contest was devoid of merit and was instituted for delay only. See Cunningham v. Humphreys, 273 Ky. 134, ... S. W. (2d) ..., decided April 15, 1938, This, therefore, is peculiarly a case where a mandate should immediately issue. See Glidewell v. Pace, 269 Ky. 512, 107 S. W. (2d) 325; Bennett v. Day, 271 Ky. 676, 113 S. W. (2d) 38; Cunningham v. Humphreys, supra.

The judgment is affirmed.