# Keeling et al. v. Coker et al.
# McCutchen et al. v. Same.

May 7, 1943.

Roy G. Garrison for appellants.

Waller & Threlkeld for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming with qualification.

The appellants in the first of the above captioned appeals are residents of Clarks River Precinct in McCracken County, and the appellants in the second case are residents of Cecil Precinct. The appellees are members of the Election Commission for McCracken County; and the object of the actions was to nullify in the precincts named the result of a Local Option election held on October 3, 1942, in twenty-three precincts outside of the city of Paducah.

It was not charged by appellants that the large majorities returned in favor of the "Drys" were the result of fraud, intimidation, or a miscount of the ballots, but that the election was illegally called and insufficiently and improperly advertised, and that the question submitted to the voters was improperly worded. On this appeal it is also contended that the failure of the members of the Election Commission to file their answers to the respective petitions within the time limited by the Statute governing election contests entitled the appellants to default judgments in the consolidated actions; and that for this reason, if for no other, we should reverse the Trial Court's judgment dismissing the petitions. If, as this contention implies, elections conducted

to ascertain the answers to public questions, as well as elections of individuals to office, must be set aside if not defended within the specified time, irrespective of the merits of the grounds of contest, it would be unnecessary to determine the validity of the preliminary grounds here charged, and we shall, therefore, consider first the argument of appellants that they were entitled to default judgments.

The argument is based upon the provisions of KRS 242.120 (KS, sec. 2554c-13) that contests of Local Option elections shall be conducted in the same manner as contests of general elections of county officers, and the requirements of KRS 122.070 (KS, sec. 1596a-12) that in such contests the contestee "shall file an answer within twenty days after the service of summons upon him," and upon certain of our decisions holding that the time for filing pleadings in election contests cannot be extended "unless it affirmatively appears that a good excuse for the delay exists, arising out of unusual or extraordinary conditions appearing in the record, or due to accident or surprise which ordinary prudence could not have guarded against, or resulting from unavoidable casualty or misfortune, and also that the substantial rights of the adverse party were not prejudiced by the delay." Allen v. Haddix, 178 Ky. 389, 198 S. W. 1155 (a contest over the office of School Trustee). In the case of Powell v. Horn, 159 Ky. 532, 167 S. W. 928, 930 (three appeals involving county offices), it was written:

"These contested election cases have been put by the statute in a class by themselves, and all of the statutory requirements in respect to them must be substantially complied with; but, notwithstanding the mandatory nature of the statute, this court has never committed itself to the doctrine that it is indispensable in every case and under all circumstances that the answer and reply shall be filed within the statutory time, or to the doctrine that no excuse, however reasonable or sufficient it may be, will operate to extend the time within which these pleadings may be filed."

In Doss v. Howard et al., 180 Ky. 413, 202 S. W. 888, 890 (a contest for the office of School Trustee), it was held that the Court erred in permitting a demurrer

to the petition to be filed after the expiration of twenty days from the service of summons, and that the Court should have rendered a default judgment, the character of which "is determined by the sufficiency of the facts alleged in the petition or deemed to exist because of the default and the application of the law to such facts. Of course, if the averments of the petition were not sufficient to show a cause of action, the appellant was not entitled to have the relief sought by him. He was only entitled to the relief within the fair scope of the allegations and prayer of the petition."

In Edwards v. Loy, 113 Ky. 746, 68 S. W. 1091, 1093 (an action contesting appellee's election to the office of Sheriff without his consent), this Court held that appellee's failure to defend entitled appellant to a default judgment; but, in a dissenting opinion, Judge Hobson significantly wrote:

"Loy declined to accept the certificate. He failed to qualify. The office became vacant, and he had no interest in the controversy. He was only a nominal party to the action, and his failure to answer the petition did not relieve the plaintiff of the necessity of taking his proof as provided by the statute. The office of sheriff is a matter of public interest, and the mere failure of a nominal party, who had no interest in the office, should not be allowed to confer the office on one who may in fact have no right to it. The certificates of the officers who conducted the election and counted and canvassed the returns show appellant was not elected. The official certificates are prima facie correct, and should not be overthrown by the unsustained allegations of the plaintiff's petition where the defendant is only a nominal party, and fails to answer and defend a case in which he has no interest."

While we do not hold that the principles announced in the dissenting opinion above quoted should control in the case of a contest over the election of an individual to office, we do deem them applicable when the contest is of an election held for the purpose of ascertaining the will of the voters respecting a question which the Legislature has provided may be submitted to them. It has never been expressly so decided by this Court, but the inevitability of such a decision, if not foreshadowed by the

dissenting opinion quoted, was to some extent, at least, indicated by our opinion in the case of Campbell v. Mason, 269 Ky. 128, 106 S. W. (2d) 100, 102 (a local option election), in which we said:

"The right to contest elections is purely statutory and controlled by the statute. In elections of public questions of this character, there would not, in the absence of a statute, be any one against whom a contest proceeding could be instituted. To circumvent such an anomalous situation, it was provided by section 2554c-13 that in local option elections the members of the county election commission should be named as contestees and process served on them, but that any qualified elector might intervene by filing a petition to be made a party and thereby become a contestee. The purpose of this statute is manifest, and it is apparent that it was intended thereby that any one or more of the members of the county election commission or any voter or voters of the county might resist the contest.

"Without determining whether a default judgment would be authorized in the contest of election on a public question because of the failure of those who may be designated as contestees to file answer, it is our conclusion that if the answer in this instance was filed on the 29th day of January, the court did not err in refusing to strike the answer even though it was not filed within 20 days after summons had been served upon Mrs. Mason and Arlie Magee, since under any rule for computation of time, it was within 20 days after summons had been served on Bill McHargue and his answer alone would have been sufficient."

To set the matter at rest, we now definitely declare our belief that it was not the intention of the Legislature to permit the people's will to be overthrown by the negligent omission or wilful failure of an election commission to answer within the prescribed time a petition attacking the result of an election conducted to ascertain that will. In such cases the trial court may reasonably extend the time for the filing of the defensive pleadings. If none is filed, he should treat the petition as controverted of record if factual issues are involved. If only questions of law are presented, he should forthwith pro-

ceed to determine them. Hence the Court in the case at Bar did not err in refusing to strike the demurrers and answers which were filed in the Clerk's office three days beyond the expiration of the time limited by statute, or in overruling appellants' motion for default judgments.

Appellants' argument that the elections were illegally called is primarily predicated upon the contention that they were not called by order of the County Court entered either during the term of that tribunal at which the petitions requesting the elections were filed, or during the next regular term, as required by Paragraph 4 of KRS 242.020. The petitions were filed on Monday, July 20, 1942, and the order calling the elections entered on August 14, 1942, which was the first Friday after the second Monday in August. According to an order entered by the County Court at its February, 1942, term, the beginning date of the County Court terms was changed from the second to the third Monday in each month; and if this order was valid, the August term did not begin until August 17th, the third Monday, the petitions were filed on the first day of the July term, and the order was entered during the July term as stated in the caption. If, as we must hold in view of the provisions of KRS 25.120 (KS, sec. 1058), the order changing the beginning date of the terms was invalid (because it was entered at a term other than the last regular term of 1941), the August term began Monday, August 10th, and the order calling the election was entered during the August term. It is contended by appellants that since the July term actually began on Monday, July 13th, instead of July 20th, and the August term on August 10th, instead of August 17th, it is apparent that the order calling the election was not entered either at the term the petitions were filed or at the next regular term. To lend any color of logic to this contention, the term of the County Court must be construed as embracing only the day on which it begins. The record shows, however, that the McCracken County Court, during the period in question, adjourned from day to day, and, as said in the case of Garrard County Court v. McKee, 11 Bush. 234, 74 Ky. 234:

"County courts have the power to adjourn from day to day, but they are not required by law to adjourn each day when they cease to transact business. They may, if they see proper, treat the entire

time they are in session as one day and make and sign but one adjourning order.''

In the case of Howard v. Farmer, 268 Ky. 303, 104 S. W. (2d) 957, 958, in which the validity of an order calling a local option election was attacked, we said:

"If the order was made on July 27, 1936, though admittedly not the first day of the term of the county court for that month, it was nevertheless properly and legally entered. The record before us shows that the county court convened for its regular July session on the 20th, a third Monday and fixed day, and was legally recessed and thereafter regularly reconvened day by day, until and including the 27th, the day on which the order was made. Section 2554c-2, Kentucky Statutes, does not require the petition to be filed or the order made on the first day or any particular day of a current or regular term.''

See, also, Cassady v. Jewell et al., 268 Ky. 643, 105 S. W. (2d) 810. We are therefore of the opinion that the petitions for the election may be properly considered as having been filed at the July term and the order calling the election as having been entered at the next regular term, and that the statute, KRS 242.020, was substantially complied with.

The legality of the order calling the election is attacked because it described the election as one to take the sense of the voters "whether Prohibition shall or shall not exist'' in the precincts, instead of stating that the purpose of the election was to take the sense of the voters upon the proposition ''whether or not spirituous, vinous, or malt liquors shall be sold, bartered or loaned therein.'' The language which appellants assert should have been employed in the order is found in Section 2554c-2 which provided that upon the filing of the proper petition ''it shall be the duty of the judge of the county court of such county at the current or the next regular term of said court thereafter to make an order on the order book of said court directing an election to be held in such county, city, town, district or precinct to be affected thereby, for the purpose of taking the sense of the legal voters of such county, city, town, district or precinct upon the proposition whether or not spirituous, vinous, or malt liquors shall be sold, bartered or loaned therein.''

In the 1942 revision of the Statutes which became effective October 1, 1942, KS secs. 2554c-2 and 2554c-3 (the latter relating to the manner in which the petition should be signed and other details) were combined and reworded under the section numbered 242.020, in which all references to the purpose for which the election is called are omitted. KRS 242.050, relating to the form of the ballot, however, provides that in territory in which prohibition is not in force, the question propounded shall be, ''Are you in favor of adopting prohibition in (name of county, city, district or precinct)?'' and KS sec. 2554c-6, which KRS 242.050 supplanted, provided that the question propounded should be, ''Are you in favor of adopting the local option law in (name of county, city, town, district or precinct)?'' The order entered by the County Court also prescribed the form of the ballot, using the exact language of KRS 242.050. It is apparent from an inspection of KS sec. 2554c-2 that the language quoted from that section was merely descriptive of the general purpose of the election which the Court was directed to order, and that the framers of the Statute did not intend to prescribe the exact language in which the order was to be framed. It has been held by this Court that it is not necessary that the order set forth the form of the question to be propounded to the voters (Cassady v. Jewell, supra); and hence, so much of the order in question as prescribed the wording of the ballot was merely surplusage.

In its final analysis, therefore, appellants' attack on the wording of the order calling the election is basically the same as their attack on the wording of the ballots, namely, that, although the election was held on October 3, 1942, after KRS 242.050 had become operative, the use of the language therein prescribed for use on the ballots, was fatal to the validity of the election because KS sec. 2554c-6, in force at the time the election was called, prescribed a different form for use on the ballot. In connection with what we have said above relative to the order calling the election, our answer to the attack on the wording of the ballot will serve as an answer to the attack on the wording of the order. That answer is this: The questions prescribed by the Statutes for submission to the voters are to all intents and purposes the same, and irrespective of which statute should be regarded as applicable, it was substantially complied

with. That the question prescribed in KRS 242.050 was regarded by the Statutes Revision Committee as equivalent in all respects to the question prescribed by KS sec. 2554c-6 is evidenced by the fact that the change in wording was not made by the authority of a specific amendment. While "local option" and "prohibition" have different definitions, in fact "local option" is merely local prohibition, or "prohibition" within a particular locality which is empowered by law to adopt it. Appellants' suggestion that "prohibition" might have been thought by the voters to mean prohibition of the sale of cigarettes, 3.2% beer, or coca cola, and their argument that "the purpose for which the election was called, as stated in the order or a newspaper and printed handbills, confused and misled the voters," and their statement that the question as propounded was peculiarly misleading because the sale, barter or loan of intoxicating liquors had not previously been rendered unlawful in the precincts in question, assume the existence of an unbelievable ignorance on the part of the voters, and, to say the least, are unconvincing.

In substantiation of the charge that the election was insufficiently advertised, appellants point to the fact that a notice of the election published by the Sheriff as a prefix to the Court's order did not, during the first two days of its publication, contain the names of the precincts in which the elections were to be held. However, the Court's order calling the election and fully identifying the precincts was concededly published for the requisite period, and since the Sheriff, so far as the newspaper advertising is concerned, was only required by the Statute to "have the order published for at least two weeks before the election" (KRS 242.040; Terrill et al. v. Taylor et al., 271 Ky. 475, 112 S. W. (2d) 658) the notice which the Sheriff composed and published as a prefix to the order was mere surplusage. The charge that the elections were improperly advertised, is based upon the contention which we have heretofore answered that the order itself did not correctly state the purpose for which the elections were called.

Our study of this record convinces us that ample notice of the elections was given and that no voter possessing ordinary intelligence could have been misled by the wording of the order or the language of the ballot as to the true meaning of the question which he was

called upon to decide. The voters having clearly manifested their will by the large majorities returned, we would be loath under any circumstances to serve as an instrumentality for defeating it. Clearly, we should not do so where the objections, as here, are wholly technical and unsubstantial. However, in affirming the judgment dismissing the petitions, we would not be understood as approving that portion thereof which apparently suspended the operation of the Local Option law in the precincts referred to pending the appeal, only upon condition that the order of suspension be not pleaded or relied on as a defense to charges which might be brought against appellants for violating the Local Option law in the conduct of their business as liquor dealers during the suspension. Whether or not such defense is available is to be determined when and if such prosecutions are instituted. Rodgers et al. v. Webster et al., 266 Ky. 679, 99 S. W. (2d) 781. With this qualification the judgment is affirmed.

Whole Court sitting.