## Neff et al. v. Moberly et al.

Oct. 1, 1943.

As Modified on Denial of Rehearing

Dec. 17, 1943.

H. D. Parrish and J. P. Chenault for appellants.

George C. Robbins for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

An election was held throughout Madison County on June 17, 1943, pursuant to a call theretofore made by the county court, to determine whether or not local option should be adopted throughout the county. The result of the election, as certified by the county election commission, was that the local option law or prohibition within the county was adopted by a majority of 1,965 votes out of a total vote cast of 7,447. In due time the various appellants as contestants filed this contest proceeding in the Madison Circuit Court against the Board of Election Commissioners of the county wherein they attacked the validity of the election upon only two grounds; (1) that the cost of holding the election was approximately $2,000 and that at the time of the order calling the election (in which there was a provision for the county to pay the costs of holding it, as is provided by statute), all of the available funds for the then current fiscal year had been budgeted to various public agencies of the county, except about $250, and that under the provisions of section 157 of our Constitution, the direction to pay the additional cost of about $1,750 was invalid and void, which the petition claimed invalidated the election; and (2) that in the order calling the election it was prescribed that the question submitted on the ballot should be, "Are you in favor of adopting prohibition in Madison County," when, as contended, the question submitted should have been, "Are you in favor of adopting the local option law in Madison County" as is prescribed in section 2554c-6 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, and because of the alleged wrongful submission of the question to be voted on the election was void. A number of citizens and taxpayers for themselves and all others of the county intervened as contestees pursuant to the right conferred by statute, and they demurred to the petition as amended by two amendments which the court sustained and dismissed the petition upon contestants failing to plead further. From that judgment contestants prosecute this appeal.

Before determining the merits of the sole two grounds relied on we deem it appropriate to refer to another independent action growing out of the contest, which appellants filed in the same court after their petition had been dismissed. That action sought an injunction against the enforcement officers of the county restraining them from prosecuting appellants (who were and are engaged in the retail liquor traffic in the county) pending the appeal of the contest proceedings, which the court in the contest case had declined to do. When the independent injunction action was filed a restraining order was obtained from the Clerk of the Court pursuant to the prayer of the petition, and the court later sustained a motion of contestees to discharge it. However, plaintiffs did not follow up the prescribed practice by later moving for a temporary injunction. Notwithstanding such failure they have filed the record of the injunction proceedings in this court with a motion, under the provisions of section 297 of the Civil Code of Practice, to review the orders of the trial court and to obtain an order for a temporary injunction pending the appeal of the contest proceedings. That motion will be considered and disposed of in this opinion determining the appeal in the contest case.

Turning now to the merits of the latter case, we find that ground (1) was disposed of by us adversely to appellants' contention in the case of Cassady v. Jewell, 268 Ky. 643, 105 S. W. (2d) 810, and the second ground of contest was likewise disposed of adversely to appellants' contention in the case of Keeling v. Coker, 294 Ky. 199, 171 S. W. (2d) 263. However, were we without such direction and specific holdings of this court on the only two grounds of contest we would unhesitatingly conclude that they were each entirely without merit, since one of them attempts to draw a substantial distinction between "local option" and "prohibition" when the fact is that "local option" as applied to the traffic in alcoholic beverages means the prohibition of the sale and traffic in such beverages, and prohibition of the sale of such beverages results only in local option. But it is argued that the prevailing statutory law with reference to the regulation and sale of alcoholic beverages (Carroll's Statutes, supra) prescribed that the question submitted in such election for the voter to express his wish was whether "local option" should be adopted, and that the Revised Statutes

of 1942 by the Commission substituted for the words "local option," the word "prohibition" which was without authority and which rendered the latter edition void to that extent. The Keeling opinion, supra, disposed of that argument in the manner we have pointed out. But in addition to what was said therein attention might be called to the fact that the statute providing for the creation of the commission to make such 1942 revision expressly empowered and authorized it to make such changes in the wording of the statute as might be deemed proper but without changing the "sense" of the statute, and as we have seen, the substituted word, "prohibition," made by the Commission in the 1942 Revised Statutes, did not change the sense of the then prevailing alcoholic beverage statutes.

Likewise it might be added that without the precedent of the Cassady opinion rejecting ground (2) it could still be logically said that with the Constitutional section 61 permitting the expenditure of the governmental expenses of holding the election, it would not necessarily follow that the election—legally called and held in all respects—would be invalid and void. A brief illustration is sufficient to emphasize the correctness of that statement. Suppose the expenses were ordered for the acquisition of some physical property and the construction of a public building thereon, the expense for which exceeded the revenue of the county for the fiscal year. The only relief that the taxpayers of the territory affected could possibly obtain would be to prevent the expenditure of the illegal appropriation. It is therefore plainly apparent that neither of the alleged grounds of contest possessed the remotest merit and the court properly sustained the demurrer of contestees to the petition.

Such conclusion likewise disposes of the summary motion for injunctive process pending the appeal of the contest and renders the questions involved in that motion moot. But were it not so, the motion would have to be overruled, since to entitle contestants to the suspension sought—although the judgment was superseded—the contest should be prosecuted in "good faith on substantial grounds." Rogers v. Com., 266 Ky. 679, 99 S. W. (2d) 781; Garrison v. Kingins, 273 Ky. 304, 116 S. W. (2d) 635, and the Cassidy and Keeling cases, supra. The grounds of contest here relied on are so

completely devoid of merit, as is above pointed out, to clearly indicate that the contest is not prosecuted in good faith but only for the purpose of gaining additional time within which contestants might continue to operate their retail traffic in the article which the election prohibited.

Wherefore, the judgment dismissing the contest proceedings is affirmed, and the motion in the independent action for an injunction pending the appeal is dismissed. Mandate will immediately issue with the right of appellants to file a petition for rehearing within the prescribed time.