## Adams v. Wakefield et al.

Nov. 23, 1945.

36

Norris McPherson for appellant.

Lawrence S. Grauman and Joseph E. Stopher for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

A local option election was held in the South Boston precinct of Jefferson County on February 5, 1945,

which resulted in 155 votes being cast for prohibition and 107 against, a majority of 48 votes. A contest filed by Robert E. Adams, a licensed dealer in intoxicating liquor in the precinct, pursued a leisurely course until submitted in this court on November 13th. The circuit court adjudged the contest not sustainable and declined to suspend the effectiveness of the election beyond August 13th, ten days after judgment, because the contest "has not been brought in good faith upon substantial grounds and has not been diligently prosecuted." A supersedeas bond, however, has suspended the judgment and no effort has been made to have the supersedeas set aside.

The contestant, as appellant, raises several questions which, if resolved in his favor, would not be of benefit; but he is, of course, entitled to their consideration and disposition.

We have heretofore overruled a motion to dismiss the appeal as to the appellee, Lee R. Johnson, who filed an intervening petition and has defended the contest, because his allegations of legal capacity were denied and no proof was heard. There is uncontradicted evidence that Johnson is a citizen and resident of the precinct and has legal capacity to defend the contest. We, therefore, decline to change our ruling. And the court declines again to issue a rule against Johnson and his attorney for contempt, based upon action taken in the circuit court after supersedeas issued, in having the judgment entered nunc pro tunc and amended to give the reasons why the circuit judge declined to suspend the effect of the election.

It appears that the court rendered a decision and approved a judgment on August 3, 1945. It is said to have been "lost or misplaced," so it was not then entered on the judgment book. However, an order of August 11th recites the execution by the appellant of both an appeal bond and a supersedeas bond. The appeal bond refers to the "judgment against him rendered in the above styled action on the third day of August, 1945." The supersedeas bond makes similar reference and purports to attach a copy of that judgment. On August 22nd the contestee, Johnson, moved the court to amend that part of the judgment as above outlined. The court first overruled the motion and later sustained it and amended

the judgment. On August 24th Johnson's motion for a rule of contempt was sustained and a rule issued against the contestant, Adams, for ignoring the judgment by continuing to sell liquor in the precinct, but it does not appear that any further action was taken. On September 13th the intervening contestee, Johnson, pursuant to notice, moved the court to enter the judgment nunc pro tunc as of August 3rd, and the motion was sustained, to which the contestant excepted. An order of reference to the official stenographer to take proof made on April 27th was not then entered of record, and that too required a nunc pro tunc order as of August 3rd. It is now argued that the judgment should be reversed and the election held void because (a) there was no authority in the circuit court to order prohibition effective, and (b) there is no basis for the nunc pro tunc judgment.

(a) With reference to this point, the appellant has an upside-down view of the law. The statute, KRS 242.190, declares that when a majority is in favor of prohibition in the territory in which the election is held "prohibition shall be in force and effect at the expiration of sixty days from the date of the entry of the certificate of the county board of election commissioners in the order book of the county court." That is mandatory. The mere filing of a contest or its pendency does not abate the statute. But we have ruled that if the circuit court is of opinion that the contest has been brought in good faith upon substantial grounds and is being prosecuted diligently, the court in its inherent power may postpone the effective date until the case shall be decided if that should be necessary. Rogers v. Commonwealth, 266 Ky. 679, 99 S. W. 2d 781; Goodwin v. Anderson, 269 Ky. 11, 106 S. W. 2d 152; Garrison v. Kingins, 273 Ky. 304, 116 S. W. 2d 635; and in Neff v. Moberly, 296 Ky. 319, 177 S. W. 2d 7, it was held that such an order was necessary to suspend the effect of the election even though the judgment was superseded. Counsel misconstrue Keeling v. Coker, 294 Ky. 199, 171 S. W. 2d 263, in saying that only the Court of Appeals may order the suspension. We merely disapproved the condition attached to the order of suspension that it would not be pleaded in defense of a prosecution for violating the local option law during the period. In this case it appears that notwithstanding the mandatory declaration of the statute that prohibition should go into

effect sixty days after entry of the certificate (which doubtless would have been early in April, 1945), the contestant has continued in business in the precinct pending the slow processes of the court. He has no reason to complain upon this ground. In any event, any abuse of discretion on the part of the circuit judge in this particular would not authorize a reversal of the entire judgment.

(b) As to the nunc pro tunc judgment. If the record evidence of the judgment having been rendered on August 3rd should be deemed insufficient because not made contemporaneously, or if it should be regarded that the contestant himself did not waive or is not estopped to raise the question by his execution of the appeal and the supersedeas bonds, nevertheless the judgment is good as of September 13th, the day it was actually entered, which date the appellant has cited in his Statement of Appeal as being the day of the judgment from which the appeal is taken.

Some of the pleaded grounds of contest have been abandoned. The points still aimed at the validity of the election are: (1) The copy of the order of election was delivered to the sheriff before it became effective by entry on the Order Book and being signed by the judge; (2) the delay in opening the polls and improper electioneering by the proponents or "drys" within 50 feet of the polls deprived the "wets" of enough votes to have changed the result of the election.

1. The County Court ordered the election on the first day of December, 1944, regular term, which was December 4th, but because of the volume of work it is probable the stenographer did not copy this order on the book or the judge sign it until December 6th. It is certain that it was signed then. However, the record shows a copy of the order was delivered to the sheriff on December 5th that he might proceed to advertise the election two weeks before it was to be held. KRS 242.040 provides that a copy of the order shall be delivered to the sheriff "within five days after the county court orders an election." In Murphy v. Cundiff, 269 Ky. 645, 108 S. W. 2d 644, it was held that when such an order is signed on the book it is effective from the date of the entry. But the appellant insists there is no authority for an interim certification and delivery of the order to·

the sheriff. We have held in several cases, cited below, that this provision is directory, for the essential thing is that the sheriff perform his duty in the matter of advertising and publishing notices of the election and not when nor how he was advised of that duty. A substantial compliance with its terms is sufficient, therefore.

2. Of like character is the provision in the same section that the sheriff shall make a written report that the notices of election have been published and posted. Hawkins v. Walton, 271 Ky. 487, 112 S. W. 2d 661; Jackson v. Bolt, 292 Ky. 503, 166 S. W. 2d 831; Steele v. Perry County, 299 Ky. 827, 187 S. W. 2d 302. These points are, therefore, without merit.

3. The evidence is conflicting whether the polls opened five or 20 minutes after six o'clock. While the contestant testified that a number of voters who would have voted "No" were deprived of their right because they had to leave after six o'clock and before the polls opened, he named only six. The contestee pretty well showed that three of these voters did not go to the polls at all, two of them being in the city of Louisville. In any event, since the majority for prohibition was 48, it is apparent that this ground of contest was not established. Goodwin v. Anderson, supra; Hardigree v. White, 275 Ky. 364, 121 S. W. 2d 919.

The polls were located in a barber shop. There were a number of dry workers around the polls who warmed themselves by a bonfire within 50 feet of the door, which was kept closed except when someone was entering or leaving. The wet workers used a building whose entrance was 37 feet from the door. A colored woman working for the anti-prohibitionists sat most of the day right by the side of the door into the polls. A preacher had some dispute with a colored man he believed had illegally brought a ballot out of the polls; otherwise, the conditions were placid and peaceful. It has often been held that a violation of the 50-foot law, KRS 118.330, must result in something that changes the outcome of the election. It must have invaded the secrecy of the ballot or been of such character and extent as to constitute intimidation preventing the casting of ballots or otherwise sufficient to destroy or at least impair the fairness of the election. Feld v. Prewitt, 274 Ky. 306, 118 S. W. 2d 700; Dance v. Anderson, 288 Ky. 431, 156

S. W. 2d 463; Karloftis v. Helton, 297 Ky. 463, 178 S. W. 2d 959. The contestant and others broadly testified that 30, 50 or 60 voters had been changed by the activities of these dry workers within the restricted area. Their opinion was based only upon the fact that they had previously taken a poll of the precinct which showed that it would go wet by 32 votes. On the other hand, the drys had taken a poll showing that it would go their way by four votes. This testimony is too illusory and speculative to be of any weight or consequence. This ground of contest was, therefore, not sustained.

Wherefore, the judgment is affirmed.