**MAYNE et al. v. HELTON et al.**

Court of Appeals of Kentucky.

Nov. 7, 1952.

Robert J. Watson, Middlesboro, for appellants.

Kelly Clore and Paris Swinford, Pineville, for appellee.

SIMS, Justice.

The question in this case is whether or not a local option election is valid when the question appearing upon the ballots and voted upon was: "Are you in favor of adopting prohibition in Howard Voting Precinct, No. 50, which is in Bell County, Kentucky," in view of KRS 242.050 which says the question shall be: "Are you in favor of the sale of alcoholic beverages in (name of county or city)?"

Prior to 1948, KRS 242.050 provided the question on the ballot should be phrased, "Are you in favor of adopting prohibition in (name of county, city, district or precinct)?" The General Assembly in 1948 amended this particular part of this section and it now reads, "Are you in favor of the sale of alcoholic beverages in (name of county or city)?"

This action was instituted against the Board of Election Commissioners under KRS 242.120 by Bill and Blanche Mayne, two legally qualified voters of the Howard Voting Precinct located in Bell County and vendors of alcoholic beverages, to contest a local option election held in that precinct on July 3, 1951. The court below sustained a demurrer to the petition.

The only ground for reversal urged by appellants is that the wording of the proposition placed on the ballot was incorrect in that it did not follow the form set forth in KRS 242.050. There was no contention of fraud, mistake or of any unfair conduct.

Appellants insist that KRS 242.050 is mandatory and the form set out in it must be strictly adhered to in placing the question on the ballot. They assert there had been confusion as to how this proposition should be worded previous to the 1948 amendment, and the Legislature laid down the exact form to be used in such elections to avoid any ambiguity or misunderstanding. Appellants claim the wording of the question on the ballot in this election was ambiguous in that the word "prohibition" could mean the disallowance of the sale of fireworks, firearms or wheelbarrows, as well as the forbiddance of the sale of alcoholic beverages.

This court has held provisions of local option statutes which are not jurisdictional, or which do not relate to some material matter affecting any substantial rights of the parties, are not mandatory but are directory, and do not require the setting aside of an election for every slight ir-

regularity. This rule is more elaborately stated in the case of Kelly v. Gruelle, 298 Ky. 450, 183 S.W.2d 39. The rule applies to elections generally, as may be seen from an examination of 29 C.J.S., Elections, § 59, p. 80; 48 C.J.S., Intoxicating Liquors, § 59, p. 197; Marion v. Territory, 1 Okl. 210, 32 P. 116; Annotations 1 A.L.R. 1535. The Kelly case dealt with the construction of KRS 242.090, which specifies the time officers should be appointed for local option elections. The wording of that statute is no more mandatory than the terms used in KRS 242.050, herein involved, both of which use the word "shall".

Appellants' suggestion that the phrase, "are you in favor of adopting prohibition" misled the voters since it might be construed to mean the disallowance of the sale of fireworks, wheelbarrows, etc., seems far-fetched. To argue such ignorance on the part of the voters is unconvincing. Keeling v. Coker, 294 Ky. 199, 171 S.W.2d 263. It is reasonably certain the voters knew the issue being posed, and the wording on the ballot was not prejudicial to either side.

Appellants cite the case of Eversole v. Eversole, 169 Ky. 793, 185 S.W. 487, L.R.A.1916E, 593, in support of their contention that when a statute is amended or re-enacted in different language it will not be presumed the difference in the wording of the two statutes is due to legislative oversight or inadvertence, but the language was intentionally used to alter the law itself. Applying such a rule to the statute involved herein, appellants claim the 1948 amendment materially changed the 1942 statute as to the framing of the question to go on the ballot. This argument is set at rest by Neff v. Moberly, 296 Ky. 319, 177 S.W.2d 7, where it was written, "As applied to the traffic in alcoholic beverages, there is no substantial distinction between 'local option' and 'prohibition' * * *." Also, see Keeling v. Coker, 294 Ky. 199, 171 S.W.2d 263. For all practical purposes the wording of the 1948 amendment is no different from the 1942 statute relative to the framing of the question to be submitted to the voters.

The judgment is affirmed.