### LIGON v. BAILEY, Judge.

Court of Appeals of Kentucky.
March 13, 1953.

Dailey & Fowler, Frankfort, for petitioner.

Maubert R. Mills, Madisonville, for respondent.

COMBS, Justice.

This is an original action filed in this Court by the petitioner Jack Ligon seeking a writ of mandamus or prohibition against the Circuit Judge of the Fourth Judicial District to require the Judge to enter an order postponing the effective date of prohibition in the City of Dawson Springs pending determination of a contest case filed by the petitioner attacking the validity of a local option election.

At the local option election held on December 13, 1952, in Dawson Springs, the election commissioners reported a majority of 51 votes in favor of prohibition. Three days before the expiration of the 30-day limitation period, the petitioner filed a contest of the election. The proceedings in that suit are not now before us, but it appears from the opinion of the trial judge that the pleadings were made up and depositions were taken and filed by the contestants within the time prescribed by the statute.

Although KRS, chapter 242, authorizes the contest of a local option election, and such a proceeding ordinarily would extend beyond the 60-day period following the election, KRS 242.190 provides that when a majority of the votes cast at such an election are in favor of prohibition in the territory, "prohibition shall be in force and effect at the expiration of sixty days from the date of the entry of the certificate of the county board of election commissioners * * *."

Motion to suspend the effective date of prohibition was filed in the trial court on January 24, 1953. The judge construed the statute as being mandatory and refused to postpone the effective date beyond the 60-day period fixed by the statute.

This question has been before this Court in different form on several occasions in recent years. Although the question has been approached from different angles in order to fit the factual situations presented, we find no real inconsistency in the opinions. In Rodgers v. Webster, 1936, 266 Ky. 679, 99 S.W.2d 781, which was a declaratory judgment suit presenting this precise question, it was held that prohibition did not become effective in territory which had voted "dry" until determination of a contest suit attacking validity of the election. It was noted in the opinion that the contest case there involved apparently was being prosecuted with diligence.

In Goodwin v. Anderson, 1937, 269 Ky. 11, 106 S.W.2d 152, 157, the question was moot before it reached this Court, but in upholding validity of the local option election it was said that the trial judge properly refused an injunction postponing the effective date of the law "in the exercise of a sound judicial discretion that the contest was not being diligently prosecuted in good faith." Rodgers v. Webster was cited with apparent approval.

In Garrison v. Kingins, 1938, 273 Ky. 304, 116 S.W.2d 635, 636, the parties apparently had assumed that a contest suit automatically stayed the effective date of prohibition and the question had not been raised in the lower court. The record in this Court disclosed that there had been procrastination and delay on the part of the contestant. The judgment sustaining the election was affirmed and immediate issuance of a mandate was ordered. It was said, however, that "the circuit court, by an order, may maintain the status and thereby postpone the operation of the law pending the determination of a contest of the election if it appears that the contest has been brought in good faith, on substantial grounds, and is being prosecuted with due diligence", citing Rodgers v. Webster.

In Neff v. Moberly, 1943, 296 Ky. 319, 177 S.W.2d 7, the case of Rodgers v. Webster again was cited with approval, but it was held that the grounds of contest were so

completely devoid of merit as to indicate the contest was not prosecuted in good faith, and that the trial judge properly overruled contestant's motion for an injunction to stay the effective date of the law.

The most recent case we have found on the subject is Adams v. Wakefield, 1945, 301 Ky. 35, 190 S.W.2d 701, 702, and it appears from the opinion of the trial judge in this case that he placed considerable reliance on the language of that opinion. There, a local option election was held in one of the precincts in Jefferson County on February 5, 1945, and resulted in a majority of 48 votes for prohibition. A contest case was filed and, as stated in the opinion, "pursued a leisurely course". The circuit court dismissed the grounds of contest and declined to postpone the effective date of prohibition beyond August 13, ten days after judgment, because the contest was not brought in good faith, upon substantial grounds, and was not diligently prosecuted. In affirming the judgment, this Court said that the statute, 242.190, is mandatory, and the mere filing of a contest or its pendency does not abate the statute. But the case of Rodgers v. Webster again was cited with approval and it was said: "We have ruled that if the circuit court is of opinion that the contest has been brought in good faith upon substantial grounds and is being prosecuted diligently, the court in its inherent power may postpone the effective date until the case shall be decided if that should be necessary." It was also stated, as an elementary proposition, that any abuse of discretion on the part of the circuit judge on the matter of postponing the effective date of prohibition would not authorize a reversal of the entire judgment.

We conclude from our examination of the cases that the rule laid down in Rodgers v. Webster has not been modified or changed by later opinions, and we know of no reason why the rule should be changed. We now apply the rule to the facts of this case. Although the trial judge has given us the benefit of his views on the applicable law, he expressly declined to make any finding on whether the contest suit now before

him was filed in good faith, on substantial grounds, or whether it has been prosecuted with diligence. It does appear from his opinion, as heretofore noted, that the contest petition was filed and depositions for the contestant were taken and filed within the time limits fixed by the statute. With this information before us, and nothing on which to base even an inference of delay or dilatory tactics on the part of the contestants, we cannot assume the suit was not filed in good faith, or has not been prosecuted with diligence. In fact, from the evidence before us indicating compliance with the statute, we must assume exactly the opposite. This being so, the contestant is entitled on the face of the record to have the effective date of prohibition postponed until the contest case is finally decided by the courts. The order to this effect will, of course, be subject to the implied condition that prosecution of the contest case is continued with diligence and dispatch.

Although this will result in some delay in giving effect to the will of the electorate, the application of any other rule would result in confusion and perhaps injustice in those situations where it is ultimately held that an election has not been legally conducted. The statute requires that election contest cases must be filed and prepared in the trial court without undue delay. The rules of this Court permit such a case to be advanced on the docket and submitted for speedy trial. As was said in Rodgers v. Webster [266 Ky. 679, 99 S.W.2d 782]: "The section itself is mandatory as to the various times for taking steps, and expedites the hearing as much as seems reasonably possible", and "the courts have ample authority to require diligence in the prosecution of such actions". In any event, the delay incident to preparation and trial of the case would be less harmful than the confusion which might result from the application of any other rule.

We are of the opinion the trial judge should enter an order postponing the effective date of prohibition in Dawson Springs until final determination by the courts of the election contest suit now pending. It is so ordered.