**Cash BARGER, Petitioner,**

**v.**

**Don A. WARD, Judge, Respondent.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

**398**

W. M. Melton, Hazard, for petitioner.

CULLEN, Commissioner.

On July 23, 1966, a local option election was held in Barger Precinct No. 7 in Perry County, which precinct prior to the election was "wet". The election commissioners certified the vote as being 76 for prohibition and 35 against—a "dry" victory. A contest suit was filed, during the course of which the trial court entered an order undertaking to postpone the effective date of prohibition until November 1, 1966. Final judgment in the contest suit was entered on October 12, and in that judgment the November 1 postponed effective date was reconfirmed. The contestant promptly moved the trial court that the judgment be modified so as to postpone the effective date of prohibition until the final determination of an appeal of the judgment to this court. The motion was overruled, whereupon the contestant instituted the instant proceeding in this Court in which he seeks an order of mandamus compelling the trial court to grant the requested postponement.

We would be justified in summarily dismissing the petition because the petitioner nowhere states that he has taken an appeal to this court or even is contemplating one, so as to present an actual controversy on the question of postponement pending appeal. However, the question is one of public concern and warrants attention, so we shall construe the petition as stating by necessary implication that an appeal has or will be taken.

The local option statute, in KRS 242.-190, provides that when a majority of the votes at a local option election are in favor of prohibition, it shall be in force and effect at the expiration of 60 days from the date of entry of the certificate of the county board of election commissioners in the order book of the county court. KRS 242.110 provides that the election commissioners, immediately after determining the results of the election, shall file their certificate with the county clerk, who shall present it to the county court at its next regular term, when the court shall enter it in the order book. It further provides that the entry of the certificate shall be *prima facie evidence of the result of the election.* (The petition in the instant proceeding does not say when the certificate was entered, or whether in fact it ever was entered, but we shall assume that it was entered at such a time as to cause the statutory 60-day period to expire prior to November 1, 1966.)

KRS 242.190 was enacted in its present form in 1936, after the repeal of national prohibition. The question of its application in the situation where a contest suit has been filed was first presented in Rodgers v. Webster, 266 Ky. 679, 99 S.W. 2d 781. There the court, relying upon some *pre-prohibition* cases, held that the filing of a contest suit *automatically* suspended the taking effect of prohibition, so long as the suit was filed in good faith and prosecuted diligently. The court said that *injunctive* relief against enforcement was not necessary because until prohibition became effective there was nothing to enforce. A number of subsequent cases applied variations of the Rodgers ruling, culminating in Ligon v. Bailey, Ky., 256 S.W.2d 30, where this court, though in words approving the automatic suspension

proposition, issued an order of mandamus compelling the trial court to enter a suspension *order*.

◼ It appears to us that in the Rodgers case the court in placing reliance upon the pre-prohibition cases overlooked a significant change in the statutes. The pre-prohibition statutes were similar to present KRS 242.190 in providing that prohibition should take effect 60 days after entry of the certificate of results in the county court order book. However, another section, Ky.Stat. 2566, provided that when a contest was filed *the certificate should not be entered*. Obviously, the filing of a contest suspended the taking effect of prohibition because if the certificate was not entered the 60-day period did not begin to run. That this was the basis for the principle of automatic suspension stated in the pre-prohibition cases is made absolutely clear by the decision in Hall v. Smith-McKenney Co., 162 Ky. 159, 172 S.W. 125. Since there is nothing in the post-prohibition statutes comparable to Ky. Stat. 2566 it would seem that there was no basis at the time of the Rodgers decision, nor is there one now, for the automatic suspension principle. So we must consider what authority may exist for a *court-ordered* suspension.

◼ It is considered to be a general rule that the courts have no inherent equity powers in election contest cases; 29 C.J.S. Elections § 248, p. 687; and that injunctive processes are not available to maintain the status quo pending a contest. 26 Am.Jur., Elections, sec. 317, p. 142. Kentucky has followed the rule as evidenced by the holding in Harrison v. Stroud, 129 Ky. 193, 110 S.W. 828, that the certified winner of a race for office cannot be enjoined from occupying the office pending a contest suit. The court there said, 110 S.W. @ 830:

> " * * * Courts of equity have not the inherent jurisdiction to try contests over elections to office. In the absence of statutory authority, they have no jurisdiction at all in the matter. The statute of this state has simply conferred upon the circuit court the jurisdiction to try certain election contests. But there is no intimation in the statute that they may go further, and, in addition to such trial, disturb the legal status of the claimants as fixed by the law pending the decision. As that power has not been given to the courts, it should not be exercised, but the incumbency of the office should be left where the law has placed it until * * * a final determination by judgment on the merits * * *."

And again, in Doss v. Howard, 180 Ky. 413, 202 S.W. 888, 889 @ 891, the court said:

> " * * * Where one has received a certificate of election to an office from the proper authorities, it constitutes prima facie evidence of his title to the office, and an injunction will not lie to restrain him from exercising the functions of the office pending a contest as to whether or not the holder of the certificate was really elected. Courts of equity are not invested with authority by the statutes providing for contested elections to proceed by writ of injunction for the determination of the right to the office, and they have no inherent authority to do so. * * *"

◼ Although the general rule frequently is stated as applying to "elections" it appears that its primary application is to elections for *office* as distinguished from elections on public questions, such as local option. It is to be noted that in the quotations above from the Harrison and Stroud cases the court speaks of "elections to office." There is substantial authority for the proposition that courts do have inherent equity powers to protect property rights in connection with contests of elections on public questions. See 29 C.J.S. Elections § 248, pp. 687, 688. We think

the proposition is sound and we hereby recognize and approve it.

■ It is essential that we make clear, however, that the equity powers of the courts have definite limits. Specifically, the courts have no power to *postpone the effective date of prohibition*. Their only power is, upon a proper foundation for an injunction having been laid by a particular litigant in an action against appropriate defendants, to *stay temporarily the enforcement* of the prohibition law against that litigant. The reasons why this is so are spelled out fully in Gering v. Brown Hotel Corporation, Ky., 396 S.W.2d 332. The legislature has said when prohibition shall take effect following a local option election, and the courts have no power to fix a different date. The courts can do no more than to hold off for a while the enforcement authorities—to delay the day of reckoning.

■ In the instant case the trial court undertook by *order* to *postpone* the effective date of prohibition until November 1. The petitioner here asks a mandatory order directing the trial court to postpone the effective date until after the ultimate disposition on appeal of the contest suit. From what we have said hereinbefore it will be plain that the courts have no power to *postpone* the effective date for any period. The only power the trial court had was, by appropriate procedure for injunctive relief and upon a showing of appropriate grounds, to issue an injunction staying enforcement. Had such relief been sought and had the court denied it, the rules of procedure relating to injunctions would have provided a means of review by this court. Mandamus would not be an available remedy in such a case and it certainly is not an available one in the situation presented in the instant case.

■ It might be argued that since the court is changing the rules in the middle of this game, procedural niceties should be disregarded and the instant proceeding should be treated as one for injunctive relief. There are at least two answers to this; one being that the persons appropriate to be enjoined from enforcing prohibition are not parties to the proceeding; and the other being that we are not at all sure that the petitioner here will want the limited kind of relief that is available to him under this opinion.

■ To the extent that they conflict with the views herein expressed we overrule Rodgers v. Webster, 266 Ky. 679, 99 S.W.2d 781; Goodwin v. Anderson, 269 Ky. 11, 106 S.W.2d 152; Garrison v. Kingins, 273 Ky. 304, 116 S.W.2d 635; Neff v. Moberly, 296 Ky. 319, 177 S.W. 2d 7; Adams v. Wakefield, 301 Ky. 35, 190 S.W.2d 701; and Ligon v. Bailey, Ky., 256 S.W.2d 30.

The petition is denied.